## T. D. FREDDY v. THE STATE.

### No. 6085.  Decided March 23, 1921.

**1.—Assault to Murder—Malice—Requested Charge.**

Where, upon trial of assault with intent to murder, the court in his charge required the jury to find beyond a reasonable doubt the existence of malice aforethought before they could convict defendant, and also properly instructed on aggravated assault, there was no error in the court's refusal of the requested charge which imposed an unnecessary burden on the accused.

**2.—Same—Witnesses Under Rule—Injured Parties.**

Where the indictment alleged the party assaulted and the evidence showed that the brother of the alleged injured party participated, and defendant invoked the rule as to all witnesses, there was reversible error in the court's refusal to exclude said witnesses from the court room during the trial, on the theory that they were the injured parties, etc.  Distinguishing Ward v. State, 70 Texas Crim. Rep., 393.  Following Bishop v. State, 81 Texas Crim. Rep., 96.

**3.—Same—Suspended Sentence—General Reputation—Rule Stated.**

It is the rule of practice in this State, in all cases, to allow the accused to prove his general good character in the community in which he lives as a peaceable, law-abiding citizen, and where defendant pleaded for suspended sentence and the court refused to permit him to introduce testimony as to his general reputation as a peaceable, law-abiding citizen, the same was reversible error.  Following Johnson v. State, 17 Texas Crim. App., 565, and other cases.

**4.—Same—Evidence—Self-serving Declarations.**

Where the record showed that after the shooting appellant went one or two miles to his home and that after the officers were notified they went to the premises and he then surrendered to them, a statement then made to them by the defendant was self-serving and inadmissible in evidence.

**5.—Same—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence it was properly refused.

Appeal from the District Court of Liberty.  Tried below before the Honorable J. L. Manry.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*D. A. Puckett,* and *David E. O'Fiel,* for appellant.—On question of witness under rule:  Smith v. State, 105 S. W. Rep., 501; Hardin v. State, 106 id., 352; and cases cited in opinion.

On question of general reputation:  Bishop v. State, 160 S. W. Rep., 705.

On question of defendant's declaration:  Gracia v. State, 156 S. W. Rep., 942.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Liberty County of assault with intent to murder, and his punishment fixed at five years confinement in the penitentiary.

When his case was called for trial appellant asked for a continuance. The application was filed on August 10, 1920 after indictment in May, and showed that no subpœnas were issued for the absent witnesses until August 9, 1920, the day before the case was set for trial. We do not think the application showed any diligence, and that the continuance was properly refused.

Appellant asked the following special charge: "Gentlemen of the Jury: If you find as a fact, or believe from the evidence, that the defendant, T. D. Freddy, at the time of and during the commission of the alleged assault, did not act with malice aforethought, and that the acts alleged to have been committed by him, were not preconceived or studied purposely to so act, and were not done in a manner showing a heart regardless of social duty, and fatally bent on mischief, then if you so find, you will disregard the charge of assault with intent to murder, and only consider this case from the standpoint of the defendant's guilt or innocence of the charge of aggravated assault." The charge of the court required the jury to find beyond a reasonable doubt the existence of malice aforethought before they could convict appellant of assault to murder, and also told them that even though they believed him guilty of an assault, yet if they had a reasonable doubt as to whether such assault was upon malice aforethought, they should acquit him of assault to murder, and consider whether he was guilty of an aggravated assault. The above quoted special charge imposes an unnecessary burden on the accused, as it requires the jury to believe affirmatively that he did not act upon malice aforethought, and that his acts were not preconceived; and its refusal was not error.

The party alleged in the indictment to be assaulted was one Sam Willis, and the record discloses that the occurrence was a shooting in which Jerome Willis, a brother of Sam, participated, and appellant and his witnesses claim that both, Sam and Jerome Willis, shot at appellant a number of times. It appears from bill of exceptions No. 2 that when the trial was begun appellant invoked the rule as to all the witnesses, but that the court declined to exclude Sam and Jerome Willis from the courtroom during the trial upon the theory, as stated in the bill of exceptions, that they were the injured parties. This bill of exceptions is approved by the trial court without qualification. We are somewhat at a loss to understand this action of the learned trial judge. We have a statute giving to either party the right to have witnesses placed under the rule and excluded from the court room. Art. 719, Vernon's C. C. P. Applying this statute, this court has often held that the discretion accorded to the trial court in its administration, is not arbitrary. See pages 398-399, Vernon's C. C. P., and collated authorities. It is true that the Ward case, 70 Texas Crim. Rep., 393, 159 S. W. Rep., 272, holds that the trial court did not abuse his discretion

in excusing a witness from the rule upon request of the State therefor, based on the fact that said witness was familiar will all the facts of the case and would be of material aid to the State in presenting such facts. The facts of that case and the one now before us are very different. The witness so excused in the Ward case, was no a witness to the homicide, nor apparently to any other fact about which any of the witnesses for the accused gave evidence. He was not even summoned as a witness until it became evident that he purposed remaining in the courtroom, upon discovering which fact counsel for the accused procured the issuance and service upon him of a subpoena, and asked that he be placed under the rule. This the trial court refused, as stated, upon the request of the State. No authorities are cited in that opinion as supporting the court's action. We do not think the trial court should permit the operation of the rule to be abused or made the means of the exclusion of persons from the courtroom who may be sought to be placed in the attitude of witnesses for the purpose of such exclusion, and, to that extent, we agree with the Ward opinion, supra;. but we are of opinion that the trial court should not excuse witnesses to the main facts, around which turn the controversy in a given case, from the rule and allow them to remain in the courtroom as was done in the instant case. We have no such rule in criminal practice as allowing the injured party to remain in the courtroom to aid the State in the conduct of its case. If we had, it would apply only to Sam Willis and not to Jerome also. We are impelled to believe that allowing said witnesses to remain in the courtroom over the objection by the appellant was an arbitrary violation of the statute. It appears from the record that Jerome Willis remained in the courtroom and heard his brother Sam testify, and then took the stand himself and testified and then Sam again took the stand and again gave evidence, all of which was about the main issue in the case. This matter was fully discussed in the comparatively recent case of Bishop v. State, 81 Texas Crim. Rep., 96, 194 S. W. Rep., 389, and we are in harmony with the views there expressed.

There was an application filed by appellant for a suspended sentence in this case. Enoch Phelps was placed upon the witness stand by the defense, and after stating that he had lived in the same community with appellant for about five years and he knew him, the witness was asked this question: "Are you acquainted with his general reputation in the community in which he has lived this last five years as to being a peaceable, law-abiding citizen? Just answer it yes or no." To this the State objected because a proper predicate had not been laid, which objection was sustained. The question was then slightly changed and was asked again as follows: "Are and were you acquainted with the general reputation of the defendant T. D. Freddy in the community in which he has lived for being a peaceable, law abiding citizen?" To this the State made the same objection, which was also sustained, and the appellant took his bill. We think this action of the trial court er-

roneous. It is the rule of practice in this State in all cases to allow the accused to prove his general good character in the community in which he lives as a peaceable, law-abiding citizen. Johnson v. State, 17 Texas Crim. App., 565; House v. State, 42 Texas Crim. Rep., 125. When application is made for suspended sentence, as in this case, such evidence is in terms made pertinent by the statute itself. Art. 865c, Vernon's C. C. P.

We do not think any error is presented in the rejection of the statement made by the appellant to the officers when they arrested him, such evidence being offered on behalf of the defense. It was not shown that such statement came within any rule of *res gestae*. It appears from the record that after the shooting appellant went one or two miles to his home, and that after the officers were notified they went to the premises and he then surrendered to them at which time he made the statement referred to. Not being res gestae, the statement would be self-serving, and, therefore, subject to objection.

Briefly stated the facts showed that Sam and Jerome Willis had a tenant who was moving off their premises on the day of this trouble. That appellant was assisting in such moving, and that Sam Willis went down to the house of said tenant, and that the shooting took place. Sam and Jerome Willis both testified that appellant began the shooting and the difficulty, shooting at each of them a number of times. Appellant's witnesses testified that Sam Willis began the shooting and the difficulty, shooting at appellant a number of times with a pistol before appellant did anything. This is a sufficient statement of the facts.

For the errors mentioned above the judgment of the trial court is reversed and the cause remanded for another trial.

*Reversed and remanded.*