### CHRIS DAVIS v. THE STATE.

No. 10355.   Delivered December 8, 1926.

Rehearing denied January 26, 1927.

**1.—Manslaughter—General Reputation Admitted to be Good—No Error in Excluding Testimony.**

Where it was agreed in open court by the state and defendant, that the general reputation of appellant for being a peaceable, law-abiding citizen, and for truth and veracity, was good, there was no error in the trial court's refusal to permit appellant to place upon the witness stand all of his character witnesses to establish this admitted fact.

ON REHEARING.

**2.—Same—Continued.**

On rehearing the appellant renews his contention that the court was in error under his plea for a suspended sentence in declining to permit him to prove his general reputation, citing Art. 778 C. C. P. 1925, in support of his contention. The purpose of introducing evidence upon any issue is to establish, as a fact, the matters testified to by the witnesses. The state having admitted in open court that appellant's general reputation was good, there was no error on the part of the court in declining to hear other witnesses upon that issue. Following Becker v. State, 80 Tex. Crim. Rep. 186; Bowlin v. State, 93 Tex. Crim. Rep. 452.

Appeal from the District Court of Kaufman County.   Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*Bumpass & Wade* of Terrell, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the District Court of Kaufman County for the offense of manslaughter, and his punishment assessed at confinement in the penitentiary for a term of two years.

The record in this case shows that the appellant was indicted at the November term, 1923, of said district court for murder growing out of the killing of Henry Washington on or about the 26th day of September, A. D. 1923. The trial court only submitted the issue of manslaughter.

The state's testimony shows that Amelia Hamilton, a former wife of the appellant, and the deceased were walking along a road leading from church to the home of the said Amelia Hamilton. When they reached a point near her home they passed the appellant standing by the road. The appellant accosted his former wife and she and the deceased stopped and a conversation ensued between them which finally culminated in a fight between the appellant and the deceased, in which the appellant killed the deceased. There is conflicting testimony as to whether the appellant or the deceased was the aggressor.

We have carefully examined appellant's bills of exceptions Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9 and find that the same present no error.

We see no error in the ruling of the learned trial judge as complained of in bill of exceptions No. 10, for the reason that the appellant was given a wide latitude and was permitted to testify to all of the facts and circumstances connected with the killing, and the ruling of the court, as we see it, did not deprive him of any substantial right such as would cause a reversal of this case.

This brings us to the question raised by appellant's bill of exceptions No. 11, wherein he complains that he was not permitted to place upon the witness stand all of his character witnesses. We fail to see where the appellant has been deprived of any right or where the trial court would be guilty of the abuse of the discretion lodged in him especially in view of the fact that the record discloses the following agreement:

*"It is agreed by the state and the defendant,* Chris Davis, that the state admits that the general reputation of the defendant was good before this issue as to being a peaceable, law-abiding citizen, also as to his truth and veracity. The state also admits that he has never before been charged or convicted of a felony in this state or any other state."

There being no reversible error disclosed by the record, and the facts being sufficient to sustain the verdict of the jury, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his contention that the court was in error in declining to permit him to introduce witnesses to prove his general reputation as a peaceable, law-abiding citizen. He bases this contention on the wording of the statute which in substance is that where an application for suspended sentence is filed the defendant shall have the right to introduce witnesses to show his good reputation. (Art. 778, C. C. P., 1925.) He seeks to have the statute construed to mean that under no circumstances would the court have a right to decline to hear witnesses offered upon the issue of reputation. Among other cases he cites Morrison v. State, 40 S. W. 591. The opinion upon that point has been overruled by later cases unless it may be distinguished. In that case after defendant had offered three witnesses who testified as to his reputation the court inquired if the state intended to introduce any evidence to the contrary. The district attorney at first said he did not know, but later said the state would not introduce any evidence upon that issue. It does not appear that there was an admission on the part of the state that appellant's reputation as a law-abiding citizen was good. In that respect it may be distinguished from the cases hereafter referred to. The purpose of introducing evidence upon any issue is to establish as a fact the matters testified to by the witnesses. If the opposite party admits unqualifiedly in open court the truth of the matter sought to be established nothing can be added to it by testimony. In the present case after one witness had testified that appellant's reputation was good counsel for the state agreed in open court and in the presence of the jury that his reputation in all respects was good and the court so instructed the jury as to such admission. Under these circumstances there was no error on the part of the court in declining to hear other witnesses upon that issue. Becker v. State, 80 Tex. Crim. Rep. 186, 190 S. W. 185; Bowlin v. State, 93 Tex. Crim. Rep. 452, 248 S. W. 396. The fact that appellant sought the benefit of the suspended sentence law would make no difference in applying the principle. It is expressly so held in Wagley v. State, 87 Tex. Crim. Rep. 540, 224 S. W. 687.

The motion for rehearing is overruled.

*Overruled.*