JOHN MARTINEZ V. THE STATE.

No. 15705. Delivered March 15, 1933.
State's Rehearing Denied May 3, 1933.
Reported in 59 S. W. (2d) 410.

The opinion states the case.

*James A. Harrison,* of Beaumont, and *R. G. Robertson,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; penalty assessed at confinement in the penitentiary for a period of ten years.

The prosecution is under that phase of article 1183, P. C., 1925, defining rape as carnal knowledge of a female under eighteen years of age, with or without consent and with or without the use of force, threats, or fraud; provided that if the female is fifteen years of age or over, or if consent is shown,

proof that the female was not of previous chaste character may be a defense.

The prosecutrix testified that on the night of September 4, 1931, she had sexual intercourse with the appellant; that she had previously had sexual intercourse with him four times; that she never disclosed the conduct of the appellant until she was discovered.

The age of the prosecutrix was declared by her mother to be fourteen years on June 10, 1932. According to the mother of the prosecutrix, appellant offered to give her husband employment if he would refrain from prosecuting him. There was corroborative testimony given by the officers as well as circumstantially by the mother of the prosecutrix.

Appellant was an employee of the Texas Company at Port Arthur, Texas. The superintendent of that company testified that the appellant bore a good reputation; that the mother of the prosecutrix had had preliminary negotiations with reference to effecting a settlement and preventing the prosecution of the appellant; at least such proposals were made to the witness.

A number of witnesses supported the good reputation of the appellant.

The doctor who examined the prosecutrix testified that she exhibited attributes of a mature woman; that she appeared fully developed; and that in his judgment she was about eighteen years of age. She was neither pregnant nor diseased. The examination which he made exhibited no indication of force. There were no lacerations or anything that would indicate force. In a conversation with the doctor, the prosecutrix indicated that she had entered fully into the acts of intercourse with the appellant.

Appellant testified that he was a native of Mexico; that he had frequented the home of the prosecutrix, where he bought beer from her parents, paying them for it at regular prices. He said he would go to the house about 9:30 or 10:00 o'clock at night and that the girls (the prosecutrix and her sister) urged him to stay until after midnight; that he, the mother, and the girls would go out at night to lunches; that the prosecutrix slipped out of the house four times and met him. He had learned from both the father and mother of the prosecutrix that she was over seventeen years of age; that she appeared to be between seventeen and eighteen years of age; that his first act of intercourse with her indicated that it was not her first act; that the intimacy was started by the conduct and request of the prosecutrix.

Another doctor who examined the girl testified that in his

opinion she was between thirteen and fifteen years of age; that she was very fully developed for a child of her age.

Several bills of exception, notably, Nos. 3, 4, and 5, complain of the refusal of the court to receive evidence proffered by the appellant's witnesses going to show that the prosecutrix, prior to the time of the beginning of the appellant's illicit relations with her, had been seen by the witnesses to engage in lascivious conduct with men who frequented her mother's home. Such testimony, in many details, was of a nature to bear upon the want of chastity of the alleged injured female at the time her relations with the appellant began. This testimony, especially in the light of other testimony in the record throwing light upon the character of the prosecutrix and her age, is deemed to have been admissible on the issue presented to the jury as to whether she was of previous chaste character at the time she began her relations with the appellant. The admissibility of circumstantial evidence bearing upon the previous character of the prosecutrix has been sanctioned in many cases. Among them are the following: Norman v. State, 89 Texas Crim. Rep., 330, 230 S. W., 991; Simpson v. State, 93 Texas Crim. Rep., 303; Miller v. State, 98 Texas Crim. Rep., 525. Other references will be found in Shepard's Texas Citations.

Due to the error committed in rejecting the testimony mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a motion for rehearing insisting that in view of a special charge given at appellant's request the evidence for the exclusion of which the judgment was reversed became immaterial.

The indictment averred that prosecutrix was under 18 years of age, and that the act of intercourse upon which prosecution was based occurred on the 4th day of September, 1931. Prosecutrix in the beginning of her testimony swore, "I had never had sexual intercourse with any man before that night." (Referring to September 4th.) Later she testified that appellant had had four other acts of intercourse with her before September 4th, the first one being on August 4th.

In paragraph 4 of the main charge the jury was told to convict appellant if he had intercourse with prosecutrix on September 4th, and she was at that time under 15 years of age. In paragraph 5 the jury was told that if appellant had intercourse with prosecutrix on September 4th, and she was then

between 15 and 18 years of age, and had not theretofore had intercourse with appellant or any other man they would convict. In paragraph 7 the jury was instructed that if prosecutrix was between 15 and 18 years of age on September 4th and had theretofore had intercourse with appellant or any other person, they should acquit. At the instance of appellant the special charge adverted to in the beginning of this opinion was given; it told the jury to acquit appellant if prosecutrix was over 15 years of age on September 4th. However, paragraph 5 of the main charge was not withdrawn from the jury. There seems to be a clear conflict between it and the special charge. It is impossible to know which instruction the jury followed. Paragraphs 5 and 7 of the charge rendered the issues of prosecutrix's age and previous chastity vital, and the excluded evidence bore upon the latter issue.

Believing our original opinion made proper disposition of the case, the state's motion for rehearing is overruled.

*Overruled.*