GLENN WEST v. THE STATE.

No. 21344. Delivered January 8, 1941.

Rehearing Denied February 19, 1941.

234

The opinion states the case.

*Brady & Hill, Dick Young,* and *C. F. Stevens,* all of Houston,

on appeal only, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the State penitentiary for a term of ten years.

It appears from the testimony adduced by the State that on the 6th day of January, 1940, the appellant picked up Mary Elizabeth King, a girl thirteen years of age and her little sister, ten years of age, took them outside of the city on a road leading into the piney woods, where he parked his car by the road-side, and took Mary Elizabeth into the timber and had sexual intercourse with her. A few days after the occurrence, the little girl told her father and mother about what appellant had done. On or about the 15th day of January, the appellant was arrested and charged with the offense, at which time he made a written voluntary confession. About the time that appellant was arrested the prosecutrix was examined by Dr. Elva Wright, who found small tears in the girl's hymen which had practically healed. It was the doctor's opinion that the rupture had occurred at least a few days prior to the time of the examination.

Appellant took the witness-stand in his own behalf. He denied having had sexual intercourse with the girl and proved an alibi. He also contended that on the night of the 15th of January, he was severely beaten by the father and brothers of the little girl, and as a result of said beating he did not know whether or not he had made any statement to the officers concerning the offense for which he was charged; that he was in such frame of mind that he did not know what he was doing.

By Bill of Exception No. 1 appellant complains of the action of the trial court in admitting in evidence appellant's purported confession to which he objected upon the following grounds: First, because same was made while in custody of the officers and under duress; second, because it was taken a short time after the defendant had been severely beaten by the father and brother of the prosecutrix; third, because the defendant was not in his right mind at the time said confession was taken; and fourth, because the statement or confession was obtained soon after the arrest of the defendant and before he had time or opportunity to advise with counsel. The objections were overruled and the purported confession was admitted in evidence. The court qualified said bill and in his qualification

states that he does not certify to the correctness of the "allegations set out in said bill and numbered 1 to 4, inclusive; that as a matter of fact, said confession was reduced to writing and the witness testified that the proper statutory warning was given, which is set out in the confession; that the defendant signed the same, which was witnessed as required by law; that all of the testimony relative to the taking of the confession showed that it was freely and voluntarily made and that no mistreatment, intimidation or promises of any kind were used to obtain the same." The court instructed the jury that the confession shall not be used in evidence if at the time it was made the defendant was in jail or other place of confinement unless it be made in writing and signed by the defendant, which written statement shall show that the defendant had been warned by the person to whom it was made, that he did not have to make any statement at all and that any statement he made may be used in evidence against him on the trial of the case concerning which the same was made. He further instructed the jury that if they believed from the evidence beyond a reasonable doubt that the defendant made the written statement and then signed the same, that he had been warned by the person to whom the statement was made that he did not have to make any statement at all and that any statement made by him could be used in evidence against him on the trial of the case concerning which the same was made and that the same was voluntarily made without compulsion, persuasion, promises or fear, "then you may consider the same in connection with other evidence in the case in arriving at your verdict. If you do not so believe, or have a reasonable doubt thereof, you will not consider the same for any purpose."

At the request of the appellant the court gave the following additional instruction:

"Gentlemen of the Jury, you are further instructed as part of the law in this case, that if you find from the evidence beyond a reasonable doubt, that the defendant was in such physical condition as to render him unfit to make a free, voluntary and intelligible statement, and unable to understand the consequences of his act, then you will consider the statement for no purpose whatever."

We think that the court's charge, together with the requested instruction, protected the appellant in his legal rights.

The voluntary statement in itself would indicate that the appellant was conscious and knew what he was doing at the

time he made the statement because he stated that he was thirty years of age, which was true; that he was married to Lois Anne Bowell West, who was twenty years of age, which was true; that they had one child whose name was Janice Wray West, two years of age, which was true; that he was employed by the Westheimer Transfer & Storage Company as a truck driver, which was true; that he had been working at said place for the past seven months, which was true; that he had known the prosecutrix and her little sister for the past year, which was true; that he had theretofore owned a small eating place on Air Line Drive, which was true; that the prosecutrix and her little sister would come to the place of business, which was true; and many other statements therein contained were admitted to be true, notwithstanding the appellant's contention that he did not know what he was doing at the time. Consequently the court's instruction to the jury as hereinabove set forth was sufficient to protect the appellant in his legal rights. However, the State did not rely upon the purported confession in establishing its case against the appellant. The State made a complete case against appellant by the testimony of the prosecutrix and the confession was merely offered in rebuttal of the appellant's testimony.

By Bill of Exception No. 2 appellant complains of the action of the trial court in declining to permit the appellant to prove that the prosecutrix played with negro boys about her age; that she was so brazen to these negro boys that their parents were afraid for them to play with the girl because of her conduct; that the King family lived among and associated with negroes. We fail to see upon what theory this testimony became admissible and pertinent to any issue in the case. The fact that she played with negro boys and that the family lived among and associated with negroes and that she was brazen would not constitute any defense; nor is it legally admissible in mitigation thereof. The Legislature has not deemed it proper to make any distinction between white and black in prescribing the penalty for the offense of rape but placed them all upon the same plane and accord to them the same protection.

Bill of Exception No. 3 reflects the following occurrence: The appellant offered to place his wife, Lois West, on the witness-stand to show that before her husband, Glenn West, made any statement to the police officers that she had a conversation with members of the Police Department; that she furnished them with information contained in the purported confession which was found to be true; that if the witness had been permitted,

she would have testified that she furnished the officers who took appellant's statement with the information as to the place where the defendant resided, the number of children he had, where he was employed, and other matters which are included in the purported confession. His contention is that the evidence offered was material and further, because the police officers testified that the witness did not furnish them this information. We think this bill is wholly insufficient to be considered by us. However, there is no testimony from any source that appellant did not give the officers the information contained in the purported confession. On the contrary, the testimony of the officers is to the effect that appellant did furnish the information contained therein. Consequently the testimony sought to be elicited from the wife of appellant would merely have shown that she, too, gave the officers the same information, although the officers may have denied that she did so.

Appellant, in his brief, makes some complaint of the court's action in overruling his application for a continuance. This matter is not brought before this court by proper bill of exception. Hence the same cannot be considered. However, if we should consider it, we do not believe that the testimony of the absent witness was pertinent and admissible for the reasons stated in disposing of Bill of Exception No. 2.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

Appellant reiterates the contention that bill of exception No. 3 reflects reversible error. In the original opinion we expressed the opinion that the bill was insufficient and not entitled to consideration. However, we discussed the bill and reached the conclusion that it failed to present error. The bill recites that appellant offered to prove by his wife that before he made any statement to the police officers she had a converstation with members of the homicide office and told them where appellant resided, the number of children he had, and where he was employed. It is stated in the bill that the infor-

mation she gave was embraced in the confession. It is further stated that the officers testified that she had not furnished this information to them. Nowhere in the bill is it shown that appellant did not give the officers the information relative to his residence, the number of children he had, and the place where he worked. Again, the bill fails to show that such proffered testimony was material to any issue in the case. In order to determine whether such testimony was material it would be necessary to read the entire statement of facts. It has been the uniform rule of this court that a bill of exception relating to the exclusion of evidence "must disclose the relevancy and materiality of the excluded testimony." 4 Texas Jurisprudence, 321. "Enough of the facts and circumstances surrounding and affected by the proposed and rejected testimony must be stated to enable the appellate court to determine from the bill itself that error has been committed, and that the appellant has been injured thereby." 4 Texas Jurisprudence, 322.

If the statement of facts be considered in an effort to determine whether the proffered testimony was material, the opinion is expressed that, if material at all, its bearing upon any issue in the case was remote. The argument is made that because the wife might have given the officers the address of appellant, etc., the jury would have likely reached the conclusion that the confession had been prepared by the officers without receiving any information from appellant relative to the transaction involving the rape. Be that as it may, the bill of exceptions is insufficient, as pointed out in the original opinion. It is unnecessary to decide whether the proffered testimony was hearsay.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.