## CECIL CLARK V. THE STATE.

No. 21626. Delivered May 28, 1941.
Rehearing Denied October 8, 1941.
Appellant's Request for Leave to File Second Motion for
Rehearing Denied (Without Written Opinion)
November 5, 1941.

The opinion states the case.

*Anthony Maniscalco* and *W. B. Lewis,* both of Houston (*Cole, Patterson & Cole,* of Houston, on motion for rehearing only) for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Aggravated assault is the offense; the punishment, a fine of $100.00 and sixty days in jail.

The specific charge is that appellant, an adult male, committed an assault upon Lottie Belle Hughes, a female (Art. 1147, Sec. 5, P. C.).

A detailed statement of the facts would serve no useful purpose.

The State's testimony showed that the prosecuting witness, 19 years of age, accepted the company of, and went with, the appellant, 26 years of age, not knowing that he was married. She was out with him on two occasions prior to the alleged offense, at which times he conducted himself as a gentleman. On the night of the alleged offense, she got in appellant's car and they drove out into, what is known as, Memorial Park. Appellant began trying to have sexual intercourse with her. She resisted, and jumped out of the car. Appellant grabbed her and forcibly tried to take her back to the car. A general melee or scuffle followed, during which appellant hit her and tore her clothing. She succeeded in breaking loose from him and fled. She was, after a time, picked up by a passing motorist and ultimately carried to the home of her brother, to whom she told what had happened.

Appellant's testimony and version of the matter was that he first started to go with the prosecuting witness by reason

of information conveyed to him by another that she wanted to go with him; that he, as well as others, told her he was a married man. He admitted that, at the outset, he had in mind to have sexual intercourse with her, as a friend had informed him that he had engaged in an act of sexual intercourse with her. He testified to his having been with her on four different occasions prior to the alleged offense. He admitted that, on the night of the alleged offense, while they were in the car, he importuned her for sexual favors, to which she would not agree, and that he put his hand on her leg, when she suddenly jumped from the car. He caught her and tried to get her back into the car, when she started slapping him and stomping his toes. He turned her loose and went back to the car, thinking she would not leave. He waited for a time, and then began to look for her. He drove up and down a road nearby, where he thought she might have gone, but to no avail. He finally went on home, without ascertaining her whereabouts. He denied that he struck her, tore her clothing, or mistreated her in any manner. He said he had never engaged in an act of sexual intercourse with her.

In rebuttal, the State proved, by the prosecuting witness, that she was a virgin, and, by the witness Dr. Dan Scott, that, two days after the alleged offense, he made a physical examination of the prosecutrix and found she was a virgin and had never engaged in an act of sexual intercourse with a man.

Appellant objected to the testimony of the witness and doctor showing her to be a virgin, as being irrelevant, immaterial, and prejudicial, as reflected by his bills of exception. Appended to these bills of exception is the following qualification:

"The Court certifies that the defendant testified at great length that the prosecuting witness was not a virgin. That he had been informed and believed that the prosecuting witness had had sexual intercourse with other men and that her conduct with him was such as to lead him to believe that she would voluntarily have intercourse with him, the defendant, and in the defendant's opening statement to the jury his counsel stated they would prove that the prosecuting witness was not a virgin, and the State offered Dr. Dan Scott's testimony merely in rebuttal of the testimony of the defendant and the defendant's opening statement to the jury. The Court does not certify to the accuracy of the conclusions of the defendant."

The appellant having accepted the bills of exception as so qualified, he is bound thereby.

Whether the prosecuting witness was or was not a virgin was not material to any issue in this case. The offense of aggravated assault by an adult male upon the person of a female does not depend upon, nor may it be excused or justified by, a showing that the female was or was not a virgin. The appellant, by his own testimony and the statement of his counsel, as shown by the qualification mentioned, having first attacked her character and having gotten before the jury testimony attacking the character of the prosecuting witness, is in no position to complain of State's proof contradictory thereof.

The rule is stated in 18 Tex. Jur., Sec. 49, as follows:

"Thus when one party has given testimony as to a fact favorable to himself and adverse to the opposing party the latter may contradict or explain that testimony, showing its falsity or minimizing its force and effect by any legitimate evidence at his command; and it has been said this right is fundamental."

Appellant complains because he was not permitted to prove specific acts of misconduct on the part of the prosecuting witness showing or tending to show that she had engaged in acts of intercourse with another person. From the bills of exception raising this question, we are unable to ascertain as to when, that is, at what stage of the trial, whether before or after Dr. Scott and the prosecuting witness had testified that the prosecutrix was a virgin, this testimony was offered. Although not required to do so, we have examined the statement of facts to see if it reflects when the appellant offered to make the proof of the alleged acts of misconduct, and find that it does not. If such testimony had been offered as original evidence, it would have been inadmissible as being upon an immaterial issue.

The rule is that a bill of exception to the exclusion of evidence must set forth the evidence offered and the objections made thereto, and such facts as may be necessary to disclose its relevancy, materiality and competency. Inferences will not be indulged to supply the omission of essential statements in a bill of exception. The authorities supporting the rule are numerous and will be found collated under Note 31 of Art. 667, Vernon's Ann. C. C. P.

The bills of exception, failing to reflect error, are, therefore, overruled.

The jury's conclusion of guilt finding support in the facts, and no reversible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends in his motion that if we were not in error in our holding in the original opinion "whether the prosecuting witness was or was not a virgin was not material to any issue in this case," then such testimony's immateriality could only be aggravated by the testimony of the doctor showing the virginity of the injured female. In other words, if the promiscuity of the female in granting sexual favors was an immaterial matter, then her failure to grant any such favors was also immaterial, and the trial court erred in allowing the doctor to testify as to her virginity.

In the major portions of presented cases the above quotation from the original opinion is a correct proposition of law; each case, however, should of a necessity be governed by its own peculiar facts.

We will attempt to analyze this matter of proof as the same was presented at the trial hereof. Appellant's attorney, in an opening statement to the jury relative to what he expected to prove, had made the statement that he expected to prove that the party alleged to have been assaulted was not a virgin at such time, necessarily meaning that the young lady had prior to such time granted sexual favors to other men, and causing him (appellant) to think she would be thus indulgent to him. This statement was an uncontrolled one to a great extent by the court, it not being offered proof but only that which the appellant expected to prove; then appellant testified that he did attempt certain familiarities with the young lady's person because of the fact that he had been informed by others that she was in the habit of granting such favors to men. This was

his reason for attempting on two or three occasions to gradually and shrewdly lead on this young lady until she would also grant him such favors, hoping to finally "get into her pants," admitting that he fondled her person, but claiming no violence was used upon her, but that she did fight him, and finally escaped from him. Unquestionably these statements of appellant and his attorney were an attack upon the character of this nineteen-year-old girl, and we think that the State should have been allowed to have refuted such by the showing of her absolute virginity. It is said in Hudson v. State, 28 Texas App. 323, 13 S. W. 388:

"Even if said evidence was collateral, irrelevant and immaterial, the defendant should not be heard to complain; he having provoked or caused its introduction."

Also see Vol. 13 Texas Digest, Sec. 1137 (5), and many annotations thereunder. It is our opinion that appellant provoked by his own acts testimony that became material in this matter, and no error is evidenced by the admission of the testimony of Dr. Scott.

Under the circumstances presented herein we adhere to our ruling in the original opinion, and the motion is overruled.