E. E. GRIFFITH v. THE STATE.

No. 22389.  Delivered February 10, 1943.
Rehearing Denied March 17, 1943.

The opinion states the case.

*Roy Creighton,* of Mineral Wells, and *Marvin B. Simpson,* of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $500.00 and ninety days in jail by a jury in the district court of Palo Pinto County upon a verdict finding him guilty of aggravated assault.

A former appeal of the case resulted in a reversal of a conviction which carried a penalty of two years in the State penitentiary. The opinion reported in 155 S. W. (2d) 612 states the facts which are not materially different to those found in the present appeal, except as will be indicated in the discussion of the two bills of exception found herein. It will not be necessary to re-state the evidence.

By the first bill of exception, complaint is made of the action of the trial court in refusing to permit the appellant to introduce the evidence of witnesses who, it is admitted, would testify that he bore a good general reputation as being a law abiding citizen in the community wherein he resided. When these witnesses were offered, the State made the admission in court that he bore such a good reputation to the full extent that the witnesses would testify he did. Thus it was admitted not only what they would testify, but that the evidence was true. Upon such admission being made, the trial court very properly declined to permit the introduction of the testimony in full. Appellant then desired to offer the names of the witnesses to the jury but this was refused and the bill of exception, as we interpret it, complains of this ruling. It was recited in Davis v. State 290 S. W. 164 that "The purpose of introducing evidence upon any issue is to establish as a fact the matters testified to by the witnesses." If the facts are fully admitted, a recital of them by any number of witnesses cannot add to their truthfulness. Probably the appellant felt that the character and number of the witnesses whom he had available would add prestige to his case and exercise an influence upon the jury. We can see no other reason for his desiring to offer their names. If this be true, the trial judge was eminently correct in sustaining the objection to the proceeding. A party on trial is entitled to have the jury consider the character of the witnesses who testify for him, for the purpose of determining the truthfulness of the statements made by the witnesses but it cannot be contended that he is entitled to have their influence as witnesses in his behalf on any other

matter than that about which they testify. If their testimony be admitted by the opposite party to the full extent of it, certainly the party offering them could not ask for anything further. It is our opinion that the bill does not show error. Becker v. State, 190 S. W. 185, 80 T. C. R. 186; Bowlin v. Sate, 248 S. W. 396, 93 T. C. R. 452; Wagley v. State 224 S. W. 687, 87 T. C. R. 504.

By bill of exception number two, complaint is made that the court refused to permit appellant, as a witness in his own behalf, to testify that there was no place in his restaurant which was not visible to persons on the outside of it. This is contrary to the statement made by the prosecuting witness, as she detailed the incidents bringing the charge against him. We would doubt the correctness of the court's ruling under the facts of this case at the time he excluded it, but the attorneys then questioned the accused in detail about the structure and placed before the jury fully and completely a description of the premises from which no other conclusion was possible than that which had been excluded. It appears that all of the excluded facts were in a different way placed before the jury in detail and with emphasis. Furthermore, he gave his conclusions to portions which, added together, covers all of it.

In his brief, appellant recites numerous authorities which we have considered but we do not believe that they are applicable to the instant case. If it were necessary to use the superior powers of a witness to reach a conclusion and if such conclusion could not be fully foreseen by the detailing of the facts and if it were a matter requiring special qualification and the witness had shown himself capable of giving the testimony under the rules, a different question might be presented. In the instant case, however, it was a perfectly apparent physical fact and could not be doubted if the jury believed the statement of the witness as to the construction of the premises. It occurs to us that a reversal of the case on the ground presented would be a foolish application of a rule and not justified.

We note that, in furtherance of his argument on this bill, contention is made in the brief that the trial court was not warranted in his qualifications of the bill. This objection could only be made before appellant accepted the bill with the qualification. His remedy for securing a proper bill is not with this court.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the facts are insufficient to support his conviction for aggravated assault.

The prosecutrix, eight years of age at the time of the commission of the alleged offense, testified to facts showing an effort on appellant's part to engage in an act of sexual intercourse with her and the indecent fondling by appellant of her privates. Under such facts, the jury was warranted in the conclusion reached. Branch's P. C., Sec. 1576.

Appellant's guilt of the offense of aggravated assault was not made to depend upon the fact that he kissed the prosecutrix, as admitted by him. Hence, appellant's requested charge to the effect that he would not be guilty unless he intended thereby to commit an assault upon the prosecutrix was properly refused.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.