ELTON EUGENE HOSEA V. STATE

No. 28,218. April 25, 1956.

Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 13, 1956.

*Howze & Howze,* by *Murray J. Howze,* Monahans, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is statutory rape; the punishment, ten years.

The prosecutrix was twelve years of age at the time of the offense and became thirteen before the trial. She testified that appellant, age twenty-six, invited her to go for a ride in his car, brought her from Hobbs, New Mexico, where they both resided, to a place in Gaines County, Texas, and there had intercourse with her.

The doctor who examined the child after she was returned to Hobbs found male sperm in her vagina and expressed the opinion that she had had an act of intercourse recently.

Appellant did not testify, but offered evidence to the effect that the twelve-year-old girl had shown an interest in appellant, had sat on his lap and otherwise invited his attention, and enticed and encouraged his advances. As one of his witnesses expressed it, she appeared to be "looking for trouble."

Appellant's brief presents as his first point the claimed error of the court "in excluding and refusing to allow appellant to offer evidence to the jury that prosecutrix—was in the habit of carrying on with other men, riding around with other men in automobiles at night and other improper acts of conduct; such acts and conduct tending to show the character of the prosecutrix and such evidence being material to the credibility of the witness and on the issue of mitigation of punishment to be assessed."

The trial court permitted proof of all such conduct attributed to the prosecutrix which involved appellant, but ruled to be inadmissible evidence of a witness who saw the prosecutrix riding around in an automobile with some middle-aged man, and another witness who saw her come in at one o'clock A.M. with some man other than appellant.

In support of this assignment, cases dealing with the admissibility of evidence of prior unchastity of the prosecutrix under fifteen years of age are cited, namely Lusty v. State, 97 Tex. Cr. R. 167, 261 S.W. 775, and Martinez v. State, 123 Tex. Cr. R. 572, 59 S.W. 2d 410.

In Lusty v. State, supra, the female testified that she had never had previous sexual relations with anyone, and the evidence that she had was held to be admissible in rebuttal of her testimony, though prior unchastity was not a defense.

In Martinez v. State, supra, the defendant testified that the girl's parents had told him that she was seventeen years of age, and that his first act of intercourse with her indicated to him that it was not her first experience in such matters. Evidence bearing upon the character of the girl was held to be admissible as circumstantial evidence bearing on the issue of her previous chaste character at the time she began her relations with the defendant.

There was no issue made in this case as to the age of the prosecutrix and a careful reading of the statement of facts fails to disclose that the prosecutrix testified or was asked by counsel either for the state or the defendant as to whether or not she had had previous sexual relations.

We would not be warranted in reversing the conviction because the appellant was not permitted to offer the evidence mentioned, which at most was circumstantial evidence tending to show previous unchastity, when the state had not proved her chastity and such was not essential to the state's case, and no opportunity had been offered the prosecutrix to affirm or deny such chastity.

The evidence was not admissible as rebuttal evidence under authority of Lusty v. State, supra, for like reason; there was no testimony from the prosecutrix on the question, and no predicate upon which to impeach her by showing that she was of unchaste character.

In West v. State, 141 Tex. Cr. R. 233, 147 S.W. 2d 791, 793, we held that evidence to the effect that the ten-year-old prosecutrix was brazen with Negro boys was not admissible in mitigation of punishment or as a defense.

The evidence is deemed sufficient to sustain the allegation of the indictment and we overrule the contention that the testimony of the thirteen-year-old prosecutrix does not comport with human experience or with the truth.

The judgment is affirmed.