**Arnella THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36657.

Court of Criminal Appeals of Texas.

May 13, 1964.

Rehearing Denied June 17, 1964.

Percy Foreman, King C. Haynie, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James I. Smith, Jr., and Allen Stilley, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder; the punishment, ten years.

The evidence of the state sufficiently shows that the appellant caused the death of the deceased by shooting him with a pistol.

Testifying in her own behalf, the appellant stated that while she and the deceased were struggling and scuffling for the possession of the pistol it was accidentally discharged, killing the deceased.

The court in its charge submitted the defense of accident, and also self-defense against real and apparent danger.

It is insisted that the trial court erred in limiting the number of witnesses who would testify that appellant's general reputation for being a peaceful and law-abiding citizen was good, in the absence of an unequivocal stipulation before the jury by the state that appellant's general reputation in these respects was good.

The appellant properly filed her application for a suspended sentence, which she supported by the necessary proof, and the issue of the suspension of her sentence was submitted to the jury.

Art. 778 C.C.P., concerning procedure as to the suspension of a sentence, provides in part as follows:

"The court shall permit testimony as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence * * *."

In accordance with the provisions of the above statute, the appellant offered testimony as to her general reputation for being a peaceful and law-abiding citizen by four character witnesses who testified that her

reputation to this effect was good. Upon inquiry by the court, the appellant stated she would call ten or twelve more reputation witnesses. At this time, the state offered to stipulate that the remaining character witnesses would testify the same as the previous character witnesses, that appellant's reputation for being a peaceful and law-abiding citizen was good. To such stipulation the appellant objected, on the ground that the stipulation should be that she bore such good reputation and not that the witnesses would so testify.

The court refused to permit the appellant to introduce any further testimony from other reputation witnesses, or to read their names, or to ask them to stand. In order to perfect his bill of exception to such refusal, the appellant called nine more reputation witnesses who testified before the court in the absence of the jury that such reputation of appellant was good. Appellant again asked to introduce the testimony of the nine witnesses before the jury, and such request was by the court refused.

The purpose of introducing evidence upon any issue is to establish as a fact the matters testified to by the witnesses. If the state had fully admitted that appellant's general reputation for being peaceful and law-abiding was good, the appellant would not be in any position to complain; otherwise the court should not limit the introduction of this character of testimony, unless carried to an extreme.

█ Not until the appellant had introduced the testimony of four character witnesses did the state offer to stipulate, and such offer was that the remaining character witnesses would testify the same as those who had previously testified. From the record it does not appear that appellant had been forewarned or that she could anticipate the course the state would pursue as to her character witnesses or the ruling of the court thereon. At no time did the state unequivocally admit that appellant's general reputation for being a peaceful and law-abiding citizen was good, or that the prof-

fered testimony of the remaining nine character witnesses was true. In the face of the court's refusal to admit the testimony of the nine witnesses before the jury, the appellant was denied the opportunity to select from all of his character witnesses those whose testimony would, in her judgment, be more effective in her behalf with the jury.

1 Branch's Ann.P.C.2d 176, Sec. 170, reads in part as follows:

> "Where the State fully and unequivocally admits that the character witnesses of the defendant would testify as claimed by him, *and that such testimony was true,* the rule is that the court may decline to hear further testimony on such matter. Wagley v. State, 87 Crim 504, 224 S.W. 687; Davis v. State, 106 Crim 46, 290 S.W. 163; Griffith v. State, 145 Crim 465, 169 S.W.2d 173."

See also: 4 Branch's Ann.P.C.2d 592, Sec. 2237; Freddy v. State, 89 Tex.Cr.R. 53, 229 S.W. 533.

In considering a similar contention in Manley v. State, 62 Tex.Cr.R. 392, 137 S.W. 1137, this Court said:

> "Appellant complains that the court after hearing some witnesses testify that his reputation for truth and veracity was good, and that he bore the reputation of being a peaceable and law-abiding citizen, erred in not permitting him to introduce other witnesses who would testify to the same facts. If the state admitted that appellant's reputation in these respects was good, there was no error; otherwise the court should not limit the introduction of this character of testimony, unless carried to an extreme."

> "The right to suspension of sentence is a substantial and valuable one, which should be carefully guarded; it should not be taken from the accused in any case where he reasonably brings himself within the terms of the law." 12 Tex.Jur., 743, Sec. 369; 16 Tex.Jur.2d, 655, Sec. 420.

■ The statutory right of an accused to introduce testimony of his general reputation for the consideration of the jury in determining whether to recommend the suspension of his sentence is not limited by the above rule, unless the state unequivocally admits that he bears a good reputation, or after he has offered the testimony of a reasonable number of witnesses in support of his reputation.

For the reasons pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.