**Gary William GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–84–472–CR.**

Court of Appeals of Texas,
Houston (14th Dist.)

Nov. 27, 1985.

Michael P. Fosher, Houston, for appellant.

John B. Holmes Jr., Dist. Atty., Roe Morris, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a conviction of aggravated kidnapping. We reverse.

On January 30, 1984, a man with a gun forced his way into the complainant's car while she was attempting to drive away from the Town & Country Shopping Center parking garage. While threatening to kill her, the man took her money and told her to undress. She refused. Subsequently, he told her to drive to an isolated area of the garage. Instead she drove into the parking lot hoping to alert somebody's attention to her situation. A striking projectionist realized something was wrong when she drove onto a curb in front of a theater. He followed the car back into the parking garage and then went to seek assistance from the security office. Upon his return to the garage, he saw a man run to a truck, get into it and speed away. He memorized the license number of the truck. A truck owned by the appellant was identified as the one with that license number. The complainant later identified the appellant as her assailant.

Appellant pled not guilty to the offenses of aggravated kidnapping, attempted sexual assault, and aggravated robbery. The jury found him guilty of aggravated kidnapping, and the court assessed punishment at ten years confinement in the Texas Department of Corrections.

Appellant brings five grounds of error. In his third, he alleges that the trial court erred in not permitting him to call additional character witnesses. Two witnesses testified as to appellant's reputation for being a peaceful and law-abiding citizen. He tried to present the testimony of two additional character witnesses (one being his

pastor), but this was denied by the trial court.

In *Thompson v. State*, 379 S.W.2d 664 (Tex.Crim.App.1964), the court held that a refusal to permit the defendant to produce testimony from nine additional witnesses concerning his reputation was error. Four character witnesses had already testified. The state offered to stipulate that the testimony of the remaining character witnesses would be the same as the previous ones. However, the state did not stipulate that defendant had a good reputation. The appellate court held that the additional number of witnesses was not unreasonable under these circumstances.

Here the state stipulated as to the testimony of the remaining witnesses but did not stipulate that defendant had a good reputation. In *Thompson* the defendant wanted to call nine additional character witnesses while appellant here wanted to call only two additional witnesses. The appellant had a right to introduce evidence of his good character at the guilt/innocence stage of the trial, and the action of the trial court did not allow him to present evidence which could have been crucial in his defense. *See Skelton v. State*, 655 S.W.2d 302 (Tex.App. —Tyler 1983, pet ref'd). The third ground of error is sustained.

The judgment of the trial court is reversed and the cause remanded for a new trial.