**Gary William GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 089–86.

Court of Criminal Appeals of Texas, En Banc.

March 4, 1987.

Michael P. Fosher, court appointed on appeal, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & Roe Morris & David Knight, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

Rejecting his not guilty plea, a jury found the appellant guilty of aggravated kidnapping. Thereafter, with the consent of the State, as authorized by Art. 37.07, Sec. 2(b), V.A.C.C.P., the appellant withdrew his election to have the jury assess punishment. Then, in a rather unusual procedure identified by appellant's counsel as a "plea bargain," the State and the appellant agreed upon a punishment of ten years in the penitentiary. This was assessed by the trial court.

On direct appeal the Fourteenth Court of Appeals (Houston) reversed the appellant's conviction in a published opinion. *Green v. State*, 700 S.W.2d 760 (Tex.App.1985). The Court of Appeals held that the trial court

erred in not permitting appellant to call two additional witnesses to testify to his reputation for being a peaceful and law-abiding citizen. We granted the State's petition for discretionary review to examine this holding.

The appellant does not question that there was sufficient evidence of his guilt. And, since the facts of the case are not decisive to the issue to be reviewed repeating them is unnecessary. See: *Green v. State, supra.*

Relevant to the issue to be reviewed, as stated by the Court of Appeals, was the following:

"Two witnesses testified as to appellant's reputation for being a peaceful and law-abiding citizen. He tried to present the testimony of two additional character witnesses (one being his pastor), but this was denied by the trial court." *Id.,* 760.

The State argued on appeal, and now in its sole ground for review, that the record does not reflect that the trial court specifically denied a request to call the witnesses, and that appellant therefore preserved no error for review.

The record reflects that the appellant's employer and a coworker testified that the appellant's reputation for being a peaceful and law-abiding citizen in the community was good. These two witnesses testified on June 27, 1984, the second day of trial. Several bench conferences were held off the record during their testimony, one of which occurred at the conclusion of testimony on June 27. The trial presumably resumed the next day[1] still at guilt-innocence, with the following:

"[DEFENSE COUNSEL]: Cause No. 397,101, State of Texas versus Gary William Green.

"Comes now defense attorney, Julian Moore, on behalf of Gary William Green and files this his informal bills [sic] of exceptions in proffer of evidence and would show that if he were allowed to call John Morgan and Rebecca Berry, they would testify as follows.

"John Morgan would testify that he is a preacher of a Baptist church attended by the defendant, Gary William Green for the past four years; that he familiar [sic] with the reputation in the community in which he lives as being a peaceful and law abiding citizen. That that reputation is good.

"Rebecca will testify that she has been in the home and that John Morgan would also testify that he has been in the home shortly before the date of [the offense] and the defendant and his wife were both residing there as a family. Further, that Rebecca Berry would testify that she is familiar with the reputation of the defendant, Gary William Green, in the community for [sic] which he resides as being a peaceful and law abiding citizen; that that reputation is good. She lives in the Woodlands and sees the defendant on a daily basis.

"Wherefore, premises considered, defendant prays he be allowed to call Rebecca and John Morgan. In the alternative I offer that this informal bill of exceptions be approved by the Court and the State's attorney as being what they would testify to.

"[PROSECUTOR]: I, being David Knight, Assistant District Attorney, so stipulate.

"THE COURT: Thank you."

Art. 36.20, V.A.C.C.P., provides in pertinent part as follows:

"The defendant, ... may tender his bills of exceptions to any decision, opinion, order or charge of the court or other proceedings in the case;

"...

"Where the matter about which complaint is made and the trial court's ruling thereon reasonably appear from any for-

---

1. The page in the statement of facts is headed "June 29, 1984". From a comparison of the trial court's notes in the docket sheet with the statement of facts, it appears this date is incorrect, that the date of the proceedings recorded on that and subsequent pages is actually June 28, and that a day has "dropped out" of the record at IV–63. At that point the statement of facts fails to reflect that the jury separated for the night and reconvened the next morning to resume their deliberations.

mal or informal bill of exception, same shall be considered upon appeal, ..."

Art. 40.09(6)(d)(1), V.A.C.C.P. provides the means one can utilize an informal bill of exception to preserve error under Art. 36.20, V.A.C.C.P. According to Art. 40.-09(6)(d)(1), V.A.C.C.P., if the court refuses to admit into evidence offered testimony one is authorized to "adduce the excluded testimony ... before the reporter, and a transcription of his notes showing such testimony ... and any objections and exceptions of the party offering same, shall, when certified to by the reporter, and included in the record, establish the nature of such testimony ... and no bills of exception shall be essential to authorize appellate review of the question whether the court erred in excluding such testimony...." *Id.* The appellant properly perfected his informal bill of exception relative to the testimony he proposed to present.

But, that is not all. After the appellant's attorney concluded his "bill of exception" the State gratuitously and without any reservation stipulated to it. As such, the State not only stipulated to the content of the proffered witness' testimony, it also concurred with the introductory prohibitive phrase: "... if he were allowed ..."

As previously quoted, prior to elaborating upon what his proposed witnesses would testify, appellant's counsel commented: "... that if he [the appellant] were allowed to call witnesses...." The words that comprise that phrase are logically consistent with a prior denial by someone in authority. Reason and logic inexorably demand that the person in authority was the trial judge. Although counsel's continuous proclivity for conferring with the court off the record is not to be condoned, it is difficult to conceive of any other *reasonable explanation* for that introductory remark than a refusal by the trial court to allow him to call the reputation witnesses.

Thus, we conclude that under Art. 40.-09(6)(d)(1), V.A.C.C.P. the appellant sufficiently identified the nature of the proposed witnesses' testimony. We further find that under Art. 36.20, V.A.C.C.P., because of appellant's counsel's remarks prior to detailing the specifics of the proposed testimony the "trial court's ruling thereon reasonably appear[s] from ... [the] informal bill of exception." [2] Adding to those conclusions the State's stipulation, we find that the alleged error was preserved for appeal.

In its brief before this Court the State cites *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978) and *Garza v. State,* 622 S.W.2d 85 (Tex.Cr.App.1980). However, reliance upon those cases is misplaced. *Crocker v. State, supra,* is distinguishable in that the Court simply stated that as a prerequisite for appellate review "the ground of error on appeal must comport with the objection raised at trial...." *Id.* @ 205. Specifically in that case, the defendant did not object to the questions directed to a witness for the State, thus, nothing was preserved for review.

*Garza v. State, supra* is also distinguishable. The defendant filed a formal bill of exception and tried to incorporate within it all of the motions filed by his co-defendant and all of the objections made by his co-defendant during the trial. On the State's Motion for Rehearing the Court decided that since the bill of exception did not specifically refer to a motion to quash filed by his co-defendant then the alleged error in the indictment was not properly preserved for review. Obviously, *Garza* is concerned with the completeness of the bill, not the ruling of the trial court.

The Court of Appeals opinion cited *Thompson v. State,* 379 S.W.2d 664 (Tex. Crim.App.1964) for the proposition that the appellant was, absent a stipulation by the State that the appellant did have a good

---

**2.** This is no longer the law. Rule 52(b), Rules of Appellate Procedure, effective September 1, 1986, to some extent changed Art. 36.20, V.A.C. C.P. Evidence that is rejected by the trial court is still preserved for appellate purposes "if the substance of the evidence is apparent from the context within which questions were asked," Rule 52(b), *Rules of Appellate Procedure* (1986). Now, however, the court's ruling on the offer must be shown on "a transcription of the reporter's notes...." Rule 52(b). See also: Rule 103, *Tex.Rules of Cr.Evidence.*

reputation, entitled to call the two additional witnesses during the guilt-innocence stage of the trial. It should be noted *Thompson v. State, Id.,* was concerned with the action of the trial court in refusing to permit the defendant to call several (9) additional reputation witnesses during the punishment stage of the trial. *Thompson v. State, Id.,* is therefore not directly in point. However, a resolution of this distinction by this Court must come in another case because the State's Petition for Discretionary Review did not assert that as a basis for review. Therefore, since the question of harm is not before this Court we will defer to the Court of Appeals decision on this issue.

The judgment of the Court of Appeals is affirmed.

CLINTON, Judge, concurring.

In my judgment the issue in this cause does not implicate Article 36.20, V.A.C.C.P., at all. The authorities cited in the opinion of the San Antonio Court of Appeals relied on by the dissent addressed a purported "formal" bill of exception drawn by defendant and signed by judge of the trial court to base claimed error on appeal or, as in *Garza v. State,* 622 S.W.2d 85 (Tex.Cr.App.1981), "to have the record disclose some action [et cetera] not otherwise shown by the record." Article 40.09, § 6(a). *Id.*

What occurred here was pursuant to Article 40.09, § 6(d)(1), in that the trial court allowed appellant to make "an offer of proof in the form of a concise statement ... of what the excluded evidence would show," so that when transcribed by the court reporter and made a part of the record, "such an offer of proof ... *shall be accepted* as establishing what such excluded testimony.... would have consisted of had it been admitted into evidence." [1]

Well aware that the dissent is mainly contending that the " 'bill of exception'

wholly fails to set forth what appellant's objection was," for purposes of discretionary review of the decision of the Houston (14th) Court of Appeals we would do it an injustice if we rejected its express finding basing that decision, *viz:*

"In this third [ground] he alleges that the trial court erred in not permitting him to call additional character witnesses. Two witnesses testified as to appellant's reputation for being a peaceful and law-abiding citizen. He *tried to present the testimony* of two additional character witnesses (one being his pastor), but *this was denied by the trial court."*

This Court reviews decisions of courts of appeals. In so doing it is not our function to undermine their understanding of the record, including briefs of the parties, and of oral argument presented on original submission. The matter is here for review, not for consideration as if on direct appeal.

Because I am satisfied the decision below is correct and that this Court reaches the right conclusion, I join the judgment of affirmance.

McCORMICK, Judge, dissenting.

Because I cannot agree with the majority's conclusion that appellant preserved his error for review, I must dissent. It is apparently well-settled that:

"... a bill of exception must be complete within itself and must stand or fall by its own allegations, and it must plainly set out any error sought to be preserved for review. *Garza v. State,* 622 S.W.2d 85 (Tex.Cr.App.1981). A bill of exception relating to the exclusion of evidence must set forth the evidence offered, the objections made thereto, the ruling of the court and such facts as may be necessary to disclose its relevancy, materiality and competency. See *Clark v. State,* 142 Tex.Crim.R. 554, 154 S.W.2d 255 (1941) and *West v. State,* 141 Tex.Crim.R. 233,

---

1. A simpler statement of the same procedure is in Tex.R.Cr.Evid.Rule 103(a)(2). A similar provision for an offer of proof is in Tex.R.App.Pro. Rule 52(b), and the placement of that method ahead of any other reflects a preference for it. Notice also that when the procedure for an offer

of proof is followed, the latter rule further provides, "No formal bills of exception shall be needed *to authorize appellate review of the question whether the court erred in excluding the evidence."* (All emphasis is mine throughout unless otherwise indicated.)

147 S.W.2d 791 (Tex.Cr.App.1941). The appellate court will not indulge in inferences to supply the omission of essential statements in a bill of exception. *Clark v. State*, supra." *Aguirre v. State*, 683 S.W.2d 502, 510 (Tex.App.—San Antonio, no petition.)

By engaging in speculation and "logic," the majority concludes that the appellant's objection at trial was that the trial court was wrongfully prohibiting him from calling character witnesses who were present to testify. Is it not just as logical (and just as speculative) that appellant was objecting to the trial court's refusal to grant him a three day continuance so he could locate these alleged witnesses who he had failed diligently to locate or subpoena?

The "bill of exception" wholly fails to set forth what appellant's objection was, and such a bill is deficient if it does not manifest the error complained of. *Hoffman v. State*, 397 S.W.2d 461 (Tex.Cr.App.1965); *Brown v. State*, 171 Tex.Cr.R. 692, 353 S.W.2d 425 (Tex.Cr.App.1962); *Graves v. State*, 169 Tex.Cr.R. 595, 336 S.W.2d 156 (Tex.Cr.App.1959). More importantly, Article 40.09(6)(d)(1) V.A.C.C.P., specifically requires that the bill of exception "establish the nature of such testimony or other evidence, and the objections and exceptions made in connection with the court's exclusion of such testimony...."

Because the alleged error was not properly preserved, I would reverse the judgment of the Court of Appeals and affirm appellant's conviction. I respectfully dissent.

ONION, P.J., and W.C. DAVIS and WHITE, JJ., join this dissent.