**Paul BLALOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–344–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 9, 1987.

Greg Glass, Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

Appellant was convicted by the trial court after pleading guilty to the offense of aggravated sexual assault. Punishment was assessed at eight years confinement. In two points of error appellant complains that the trial court erred by refusing to allow him to call additional character witnesses at the hearing on punishment and by considering the contents of the pre-sentence investigation report prior to an adjudication of guilt. We affirm.

In his first point of error appellant contends the trial court erred in refusing to allow him to call character witnesses at the hearing on punishment. At that hearing the trial court had before it a completed pre-sentence investigation report containing letters written by persons attesting to his good character and reputation. The trial court asked defense counsel if there was any evidence in the report that needed to be corrected:

THE COURT: Is there any evidence from the defense that needs to be corrected?

DEFENSE COUNSEL: Not on the report. We would like to call a few witnesses.

THE COURT: For what purpose? Has there been anything neglected on the pre-sentence report, counsel?

DEFENSE COUNSEL: There are certain allegations by the complaining witness as to Mr. Blalock, certain threats that we would like to have a response to.

THE COURT: Does it have something to do with the issue of guilt or innocence?

DEFENSE COUNSEL: No, Your Honor.

THE COURT: Or the punishment?

DEFENSE COUNSEL: It would—no, it does not. It would go to the issue of punishment.

THE COURT: Are they witnesses that you wish to offer, if given an opportuni-

ty, to respond to the Probation Department?

DEFENSE COUNSEL: The letters that have been produced by the family are in the P.S.I. but I believe, particularly the mother, would like to at least address the court on the issue of punishment.

The trial court then permitted defense counsel to call appellant's mother as a witness, but indicated that she was the only witness he was willing to hear. After the testimony from the appellant's mother was concluded, the following exchange between the court and defense counsel transpired:

THE COURT: Thank you, Miss Poland. Counsel, you've agreed there is no evidence that the court has received that's incorrect. I think what you've now offered is inconsistent with some of the pre-sentence report. Do you have anything else on that issue?

DEFENSE COUNSEL: As far as just the age of—

THE COURT: No, I don't mean the age.

DEFENSE COUNSEL: Yeah, these are a few other witnesses, Your Honor, that again could amplify on the nonviolent character of the defendant and as well as his reputation in the community.

THE COURT: Well, I've received all of the letters and I've considered them and discussed them with you as well. I see no value in further exacerbating that attitude in the record so I have sufficient evidence to base a judgment at this time.

■ Appellant made no objection to the trial court's refusal of his proferred evidence, thus he has failed to preserve his claim of error on appeal. *See Johnson v. State,* 629 S.W.2d 731, 735 (Tex.Crim.App. 1981). Additionally, appellant failed to make a bill of exceptions showing what the excluded testimony would have been. Absent such a showing, nothing is presented for review. *See Easterling v. State,* 710 S.W.2d 569, 575 (Tex.Crim.App.1986).

Appellant cites two cases in support of his argument that the trial court committed reversible error. In the first, *Green v. State,* 727 S.W.2d 272 (Tex.Crim.App.1987) the Court of Criminal Appeals held that the trial court erred in denying the defendant the opportunity to present additional witnesses who could testify to his good reputation. *See id.* at 274–275. However, error was preserved in *Green* by a bill of exceptions made at trial describing what the excluded testimony would have shown. *See id.* at 274. In appellant's second case, *Skelton v. State,* 655 S.W.2d 302 (Tex.App. —Tyler 1983, pet. ref'd), the defendant was tried before a jury. *See id.* at 303. At the guilt-innocence stage of the trial he introduced testimony by two witnesses as to his good reputation. *See id.* at 303. The purpose of the testimony was to show it was improbable that he did the act charged. *See id.* at 304. At the close of the testimony regarding the defendant's reputation the trial court ordered that it be stricken and instructed the jury not to consider the testimony for any purpose. *See id.* at 303. The court of appeals found that the trial court had committed reversible error. *See id.* at 304. The problem in the *Skelton* case was that none of the evidence presented regarding the defendant's reputation was before the finder of fact; however in appellant's case the judge, who was to assess punishment, had before him, and indicated that he had considered, the letters from witnesses written on behalf of appellant and included in the pre-sentence investigation report. Absent a showing by appellant that his proposed witnesses could add to the evidence contained in the report, no harm is shown.

■ It is within the trial court's discretion to refuse to allow cumulative testimony. *See Geders v. United States,* 425 U.S. 80, 87, 96 S.Ct. 1330, 1334, 47 L.Ed.2d 592 (1976). If the import of improperly excluded evidence is conveyed to the trier of fact through other evidence, no error is shown. *See Easterling v. State,* 710 S.W.2d 569, 574 (Tex.Crim.App.1986). The pre-sentence investigation report contained letters from six people who know appellant and expressed their opinion regarding appellant's non-violent nature and good character in general. In light of the entire record, it cannot be said that the trial court's action in this case constituted reversible error. *See Parrish v. State,* 614 S.W.2d 161, 162

(Tex.Crim.App.1981). Appellant's first point of error is overruled.

In his second point of error appellant contends that the trial court inspected the pre-sentence investigation report prior to the determination of his guilt, and that such act deprived him of his rights of confrontation and cross-examination and due process of law.

The record shows that on February 21, 1986, appellant went before the Honorable Eugene Jordan and signed a judicial confession, entered a plea of guilty to the charge, filed a sworn motion for probation and requested a pre-sentence investigation report. After taking appellant's plea the trial court stated:

> The court is of the opinion and so finds the evidence would be sufficient for a finding of guilty; however, the agreement is for a pre-sentence investigation. Sentence will not be pronounced at this time.

Six weeks were then allowed for the preparation of the report and the cause was reset for sentencing on April 4, 1986.

On April 25, 1986, appellant went before the Honorable Miron Love and was immediately informed by the court that on an earlier date the court had accepted his plea and deferred further proceedings until a pre-sentence report had been completed. After determining that the information in the report was correct and allowing a witness to testify on appellant's behalf, the court asked both sides if they wished to be heard on the issue of punishment. After hearing argument from both sides, which included a request by defense counsel that appellant be granted probation, the court stated:

> Based upon the plea of guilty, the presentence report and on the evidence offered, the Court finds you guilty of the offense of aggravated sexual assault of a child and assesses punishment at eight years confinement in the state penitentiary.

Appellant claims that the trial court violated the principle stated in *State ex. rel. Turner v. McDonald*, 676 S.W.2d 375, 379 (Tex.Crim.App.1984) and *State ex. rel.*

*Bryan v. McDonald,* 662 S.W.2d 5, 7 (Tex. Crim.App.1983), that it is improper for the trial court to review a pre-sentence investigation report prior to a determination of guilt. However, the facts of this cause are analogous to those in *Wissinger v. State,* 702 S.W.2d 261, 263 (Tex.App.—Houston [1st Dist.] 1985, no pet.), wherein the court stated:

> The facts in the present case differ from the *McDonald* cases. In the instant case, there is no evidence that the judge considered the pre-sentence investigation report or ordered it until the defendant had pleaded no contest, signed a judicial confession, and stipulated to the evidence of her guilt. Therefore, the report could not have influenced the judge except in deciding the appropriate punishment.

*Id.*

Further, the record reflects that appellant sought a probated sentence. Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(1)(c) (Vernon Supp.1987), provides that a defendant adjudged guilty of aggravated sexual assault may not receive a probated sentence. Thus the only way appellant could have been placed on probation was if the trial court deferred adjudication of guilt under Tex.Code Crim.Proc.Ann. art. 42.12, § 3d(a) (Vernon Supp.1987). As the court in Wissinger stated:

> The appellant asked that the court withhold its finding of guilt in order that it could consider her for deferred adjudication. The appellant asked that a presentence investigation report be conducted, no doubt hoping that the report would persuade the judge to deal with her leniently. Thus, it was inevitable that the judge would consider the report before finding the appellant guilty. Otherwise, deferred adjudication would not have been an option. The procedure did not violate the appellant's rights and did not risk any of the due process violations condemned in the *McDonald* cases.

*Id.* at 263. Since the procedure followed was done at appellant's request, and because the record indicates that a finding of guilty was deferred until the pre-sentence

investigation report was complete so that the trial court could consider deferred adjudication as an option, the trial court's viewing of the report before a final pronouncement of guilt and sentencing did not violate appellant's constitutional rights. Appellant's second point of error is overruled.

The judgment is affirmed.