Joshua Myles COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–00958–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 27, 2002.

**OPINION**

TERRY JENNINGS, Justice.

A jury found appellant, Joshua Myles Cooper, guilty of the first degree felony offense of aggravated sexual assault of a child, assessed his punishment at five years confinement, and recommended community supervision of the sentence. The trial court placed appellant on community supervision for 10 years with the added conditions of a $10,000 fine and 180 days confinement in county jail. In three points of error, appellant contends the trial court erred in excluding relevant evidence and in preventing cross-examination regarding the complainant's prior statements that she was in danger of being molested by her cousin.

We reverse and remand.

**Factual and Procedural Background**

The complainant, a 13–year–old, testified that she met appellant while he was dating her older sister. After appellant and her sister stopped dating, the complainant and appellant continued to talk on the telephone. The complainant stated that on three separate occasions she snuck out of her house in the early morning hours to meet appellant.

In January 1999, the complainant met appellant at 1:00 a.m. He drove her to a hotel, where he kissed her, but they did not have sexual relations. On February 15, 1999, the complainant again left her house to meet appellant. He took her to his apartment, performed oral sex on her, and instructed her to touch his penis until he ejaculated. On March 18, 1999, the

Robert R. Luke, Deguerin & Dickson, Houston, for Appellant.

Dan McCrory, Assistant District Attorney, for the State.

Panel consists of Justices HEDGES,* JENNINGS and WILSON.**

* The Honorable Adele Hedges, acting Chief Justice, Court of Appeals, First District of Texas, sitting by assignment for former Chief Justice Michael H. Schneider, who resigned from this Court on September 6, 2002, upon his appointment to the Texas Supreme Court.

** The Honorable Davie L. Wilson, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

complainant met appellant, who again took her to his apartment. Appellant performed oral sex on her and then had sexual intercourse with her. When the complainant returned home, her mother caught her sneaking back into their house.

The complainant's mother testified that after the complainant was caught sneaking back into their home, their extended family had a meeting with the complainant, and she admitted that she had been with appellant and they had engaged in sexual contact.

Appellant testified that he did not take the complainant to a hotel. Although he admitted that he met the complainant twice at his apartment, he denied having any sexual contact or intercourse with her. He explained that the complainant began calling him after he stopped dating her older sister. The complainant told him she was unhappy at home and wanted to run away on a number of occasions. Appellant stated that he met the complainant to talk with her about her "family problems" and convinced her not to run away from home. Appellant felt that the complainant's parents did not address this problem, and that he was the only person she could come to for help.

When appellant attempted to cross-examine the complainant and her mother about his alleged discussions with them concerning the molestation or attempted molestation of the complainant by her cousin, the trial court sustained the State's "relevance" objections and instructed appellant not to go into the matter. The trial court also prohibited appellant from testifying about the matter. However, as discussed above, the trial court did allow appellant to offer evidence that the complainant was experiencing "family problems." In an offer of proof made out of the jury's presence, appellant's counsel stated that appellant had spoken with the complainant and her mother about the molestation or attempted molestation of the complainant by her cousin and that appellant maintained contact with the complainant because he was concerned about her. In its closing statement to the jury, the State argued:

> Twenty-six year old men don't take thirteen-year old girls out in the middle of the night and certainly don't take them back to their apartment for a few hours.

## Relevant Evidence

■ Appellant, in his first point of error, argues that the trial court erred in excluding evidence that appellant met with the complainant because "he reasonably believed she was in danger of being molested by her cousin." In its response, the State argues that the trial court did not abuse its discretion in excluding this evidence and that the import of the excluded evidence was conveyed to the jury.

■ We review a trial court's evidentiary rulings under an abuse of discretion standard. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997); *Pierre v. State*, 2 S.W.3d 439, 442 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). If the trial court's evidentiary ruling was within the zone of reasonable disagreement, we may not disturb its ruling. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990); *Sunbury v. State*, 33 S.W.3d 436, 441 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

■ Evidence that has "any tendency" to make the existence of "any fact that is of consequence to the determination of the action more or less probable than it would without the evidence" is relevant evidence. TEX.R. EVID. 401. Stated differently, evidence must satisfy two requirements to be considered relevant—materiality and probativeness. *Miller v. State*, 36 S.W.3d 503,

507 (Tex.Crim.App.2001). Except as otherwise prohibited by Constitution, statute, the rules of evidence, and other rules prescribed by statute, "All relevant evidence is admissible." Tex.R. Evid. 402.

The State's closing argument revealed the relevancy of appellant's explanation for meeting with the complainant:

> Twenty-six year old men don't take thirteen-year old girls out in the middle of the night and certainly don't take them back to their apartment for a few hours.

Thus, Appellant's motivation for meeting with the complainant in the middle of the night was a fact of consequence to the determination of his guilt.

Relying on *Blalock v. State*, 728 S.W.2d 135 (Tex.App.-Houston [14th Dist.] 1987, pet. ref'd), the State argues that the import of the excluded evidence was conveyed to the jury through other evidence. The State's argument is without merit. The appellant in *Blalock* complained that the trial court erred in "refusing to allow him to call additional character witnesses at the hearing on punishment." *Id.* at 136. There, the court noted that the appellant did not preserve error and that the proffered evidence was "cumulative." *Id.* at 137. Thus, *Blalock* is inapplicable.

Here, although the trial court did allow appellant to offer evidence that the complainant was experiencing "family problems," this did not convey the import of appellant's proffered evidence. The term "family problems" could mean many different things to different people. Appellant's alleged motivation for meeting with the complainant was not just that the complainant was experiencing "family problems." That general term does not convey appellant's alleged motivations for meeting with the complainant: (1) he felt she was in danger of being molested, and (2) her family's failure to act in her defense contributed to that danger.

The State also contends that the trial court properly excluded the evidence to protect the witnesses from harassment and undue embarrassment. *See* Tex.R. Evid. 611(a). This rule is certainly not applicable as to the testimony of the appellant, whose defense rested upon the excluded evidence, and the complainant's mother. In regard to the testimony of the complainant, we note:

> [W]hen the judge's ruling has the effect of preventing one of the parties from adequately presenting its case, the judge's discretion may be deemed "unreasonable" and reversible.

Texas Rules of Evidence Handbook 597 (4th ed.2001) (citations omitted). Here, appellant was not allowed to adequately present his defensive theory—that he met with the complainant because "he reasonably believed she was in danger of being molested by her cousin." Although the trial court allowed appellant to present testimony that he met with the complainant to discuss "family problems," we cannot conclude the true import of the excluded evidence, that the complainant was in danger, was conveyed to the jury.

We conclude that the trial court's evidentiary ruling was not within the zone of reasonable disagreement. We hold that the trial court erred in excluding evidence that appellant met with the complainant because he believed she was in danger of being molested by her cousin. Thus, we sustain appellant's first point of error.

### Confrontation

Having found that the trial court committed error, we must now determine if the error requires reversal. *See* Tex. R.App. P. 44.2. When conducting a Rule 44.2 harm analysis, our first task is to determine whether the error is of constitu-

tional magnitude or an error that affects a substantial right. *See id.*

In his third point of error, appellant contends the trial court violated his right to be "confronted with the witnesses against him" [1] when it prevented him from cross-examining the complainant and her mother about previous statements that the complainant was in danger of being molested by her cousin. Apparently relying on its previous arguments, the State failed to address appellant's constitutional claims.

As noted by the Supreme Court of the United States, "[t]he main and essential purpose of confrontation is to *secure for the opponent the opportunity of cross-examination.*" *Delaware v. Van Arsdall,* 475 U.S. 673, 680, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986); *see also Lopez v. State,* 18 S.W.3d 220, 222 (Tex.Crim.App. 2000) (citing *Davis v. Alaska,* 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974)); *Shelby v. State,* 819 S.W.2d 544, 546 (Tex.Crim.App.1991) (citing *Douglas v. Alabama,* 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965)). The Confrontation Clause has been made applicable to the States through the Fourteenth Amendment.[2] *Shelby,* 819 S.W.2d at 546 (citing *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965)).

Cross-examination is the cornerstone of the criminal trial process and, as such, a defendant must be given wide latitude to explore a witness's story, to test the witness's perceptions and memory, and to impeach his or her credibility. *Gutierrez v. State,* 764 S.W.2d 796, 799 (Tex. Crim.App.1989). However, the trial court retains wide latitude to impose reasonable limits on cross-examination based on, among other things, concerns about harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant. *Van Arsdall,* 475 U.S. at 679, 106 S.Ct. at 1435; *see Lopez,* 18 S.W.3d at 222.

Nevertheless, it is well-settled that the Constitutional right of confrontation may be violated when a trial court improperly limits cross-examination. *Van Arsdall,* 475 U.S. at 679, 106 S.Ct. at 1435; *Hurd v. State,* 725 S.W.2d 249, 252 (Tex.Crim.App. 1987). Moreover, the Supreme Court unequivocally held in *Davis* that the denial of the right to "effective cross-examination" is a *"constitutional error of the first magnitude* and no amount of showing want of prejudice would cure it." 415 U.S. at 318, 94 S.Ct. at 1111 (emphasis added).

The focus of the Confrontation Clause is on individual witnesses, and so we do not focus on the outcome of the entire trial when making the initial determination of whether constitutional error was committed. *Van Arsdall,* 475 U.S. at 680, 106 S.Ct. at 1435. Here, the "accuracy and truthfulness" of the complainant and her mother were key elements in the State's case. *See Davis,* 415 U.S. at 318, 94 S.Ct. at 1111. Appellant's version of events was in direct conflict with the testimony of the complainant and her mother. Thus, appellant was not only deprived of conveying the import of his proffered evidence to the jury, he was effectively precluded from testing the accuracy and truthfulness of the main witnesses against him. As noted by the Supreme Court:

> Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested.... A more particular attack on the witness' credibility is effected by means of cross-examination directed to-

---

1.  U.S. Const. Amend. VI.

2.  U.S. Const. Amend. XIV.

ward revealing possible biases, prejudice, or *ulterior motives of the witnesses as they relate directly to issues or personalities in the case at hand.* The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness and affecting the weight of his testimony." ... We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.

*Id.,* 415 U.S. at 316–17, 94 S.Ct. at 1110 (emphasis added) (citations omitted).

We may not "speculate as to whether the jury, as sole judge of the credibility of a witness, would have accepted" appellant's "line of reasoning had counsel been permitted to fully present it." *Davis,* 415 U.S. at 318, 94 S.Ct. at 1111. Rather, we must conclude that "the jurors were entitled to have the benefit of the defense theory before them so that they could make an informed judgment as to the weight to place on [the witnesses'] testimony." *Id.* Here, to make his inquiry effective, appellant should have been permitted to expose to the jury his version of the facts "from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness[es]." *Davis,* 415 U.S. at 318, 94 S.Ct. at 1111. Thus, the trial court's improper limitation of appellant's cross-examination of the complainant and her mother was error of constitutional magnitude. *Id.*

Having found constitutional error, we must conduct an analysis to determine whether appellant was harmed. *Love v. State,* 861 S.W.2d 899, 904 (Tex.Crim.App. 1993). First, we must assume that the damaging potential of the cross-examination was fully realized. *See Van Arsdall,* 475 U.S. at 684, 106 S.Ct. at 1438; *Love,*

861 S.W.2d at 904. Then, with that assumption in mind, we determine whether the error was harmless beyond a reasonable doubt, taking into account: (1) the importance of the witness's testimony; (2) whether the testimony was cumulative; (3) other corroborating or contradicting evidence; (4) the extent of the cross-examination; and (5) the overall strength of the prosecution's case. *Van Arsdall,* 475 U.S. at 684, 106 S.Ct. at 1438.

First, we must assume, under our analysis, that the precluded cross-examination would have shown that appellant spoke with the complainant and her mother about the cousin's attempted molestation of the complainant. From this, the jury could have inferred that appellant met with the complainant not to engage in sexual relations, but because he was concerned that she was in danger of being molested by her cousin and that, subsequently, appellant sought to intervene with her mother.

Next, analyzing the pertinent five factors, we find that (1) establishing that the complainant had talked to appellant about the danger of being molested by her cousin was important to appellant in order to establish an innocent motive for taking her to his apartment; (2) cross-examination about the alleged molestation would not have been cumulative because appellant was precluded from testifying about it; (3) the only evidence that contradicted the complainant and her mother was appellant's testimony; (4) appellant was otherwise permitted to fully cross-examine both the complainant and her mother; and (5) the extent of the State's evidence consisted of the testimony of the complainant and her mother, while the extent of appellant's evidence was his testimony contradicting the complainant and her mother. The State highlighted the importance of the precluded cross-examination when it ar-

gued that men of appellant's age "don't take thirteen year old girls out in the middle of the night." Thus, the trial hinged on the issue of credibility.

Based on these factors, we cannot conclude beyond a reasonable doubt that the trial court's denial of appellant's cross-examination in this case was harmless. Thus, we sustain appellant's third point of error. Because we have sustained appellant's first and third points of error, which dispose of the appeal, we need not address appellant's second point of error.

### Conclusion

The trial court erred in excluding evidence that appellant met with the complainant because he believed she was in danger of being molested by her cousin. Furthermore, the error in regard to the limitation of cross-examination was of constitutional magnitude and harmful. Thus, we are compelled to reverse the judgment of the trial court and remand the case for a new trial.