Opinion issued November 27, 2002










  






In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00958-CR




JOSHUA MYLES COOPER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 810229




O P I N I O N
          A jury found appellant, Joshua Myles Cooper, guilty of the first degree felony
offense of aggravated sexual assault of a child, assessed his punishment at five years
confinement, and recommended community supervision of the sentence. The trial
court placed appellant on community supervision for 10 years with the added
conditions of a $10,000 fine and 180 days confinement in county jail. In three points
of error, appellant contends the trial court erred in excluding relevant evidence and
in preventing cross-examination regarding the complainant’s prior statements that she 
was in danger of being molested by her cousin.
          We reverse and remand.
Factual and Procedural Background
          The complainant, a 13-year-old, testified that she met appellant while he was
dating her older sister. After appellant and her sister stopped dating, the complainant
and appellant continued to talk on the telephone. The complainant stated that on
three separate occasions she snuck out of her house in the early morning hours to
meet appellant.
          In January 1999, the complainant met appellant at 1:00 a.m. He drove her to
a hotel, where he kissed her, but they did not have sexual relations. On February 15,
1999, the complainant again left her house to meet appellant. He took her to his
apartment, performed oral sex on her, and instructed her to touch his penis until he
ejaculated. On March 18, 1999, the complainant met appellant, who again took her
to his apartment. Appellant performed oral sex on her and then had sexual
intercourse with her. When the complainant returned home, her mother caught her
sneaking back into their house. 
          The complainant’s mother testified that after the complainant was caught
sneaking back into their home, their extended family had a meeting with the
complainant, and she admitted that she had been with appellant and they had engaged
in sexual contact.
          Appellant testified that he did not take the complainant to a hotel. Although
he admitted that he met the complainant twice at his apartment, he denied having any
sexual contact or intercourse with her. He explained that the complainant began
calling him after he stopped dating her older sister. The complainant told him she
was unhappy at home and wanted to run away on a number of occasions. Appellant
stated that he met the complainant to talk with her about her “family problems” and
convinced her not to run away from home. Appellant felt that the complainant’s
parents did not address this problem, and that he was the only person she could come
to for help.
          When appellant attempted to cross-examine the complainant and her mother
about his alleged discussions with them concerning the molestation or attempted
molestation of the complainant by her cousin, the trial court sustained the State’s
“relevance” objections and instructed appellant not to go into the matter. The trial
court also prohibited appellant from testifying about the matter. However, as
discussed above, the trial court did allow appellant to offer evidence that the
complainant was experiencing “family problems.” In an offer of proof made out of
the jury’s presence, appellant’s counsel stated that appellant had spoken with the
complainant and her mother about the molestation or attempted molestation of the
complainant by her cousin and that appellant maintained contact with the complainant
because he was concerned about her. In its closing statement to the jury, the State
argued:
Twenty-six year old men don’t take thirteen-year old girls out in the
middle of the night and certainly don’t take them back to their apartment
for a few hours.

Relevant Evidence
          Appellant, in his first point of error, argues that the trial court erred in
excluding evidence that appellant met with the complainant because “he reasonably
believed she was in danger of being molested by her cousin.” In its response, the
State argues that the trial court did not abuse its discretion in excluding this evidence
and that the import of the excluded evidence was conveyed to the jury.
          We review a trial court’s evidentiary rulings under an abuse of discretion
standard. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Pierre v.
State, 2 S.W.3d 439, 442 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). If the
trial court’s evidentiary ruling was within the zone of reasonable disagreement, we
may not disturb its ruling. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1990); Sunbury v. State, 33 S.W.3d 436, 441 (Tex. App.—Houston [1st Dist.]
2000, no pet.).
          Evidence that has “any tendency” to make the existence of “any fact that is of
consequence to the determination of the action more or less probable than it would
without the evidence” is relevant evidence. Tex. R. Evid. 401. Stated differently,
evidence must satisfy two requirements to be considered relevant—materiality and
probativeness. Miller v. State, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001). Except
as otherwise prohibited by Constitution, statute, the rules of evidence, and other rules
prescribed by statute, “All relevant evidence is admissible.” Tex. R. Evid. 402.
          The State’s closing argument revealed the relevancy of appellant’s explanation
for meeting with the complainant:
Twenty-six year old men don’t take thirteen-year old girls out in the
middle of the night and certainly don’t take them back to their apartment
for a few hours.

Thus, Appellant’s motivation for meeting with the complainant in the middle of the
night was a fact of consequence to the determination of his guilt.
          Relying on Blalock v. State, 728 S.W.2d 135 (Tex. App.—Houston [14th Dist.]
1987, pet. ref’d), the State argues that the import of the excluded evidence was
conveyed to the jury through other evidence. The State’s argument is without merit.
The appellant in Blalock complained that the trial court erred in “refusing to allow
him to call additional character witnesses at the hearing on punishment.” Id. at 136. 
There, the court noted that the appellant did not preserve error and that the proferred
evidence was “cumulative.” Id. at 137. Thus, Blalock is inapplicable.
          Here, although the trial court did allow appellant to offer evidence that the
complainant was experiencing “family problems,” this did not convey the import of
appellant’s proffered evidence. The term “family problems” could mean many
different things to different people. Appellant’s alleged motivation for meeting with
the complainant was not just that the complainant was experiencing “family
problems.” That general term does not convey appellant’s alleged motivations for
meeting with the complainant: (1) he felt she was in danger of being molested, and
(2) her family’s failure to act in her defense contributed to that danger.
          The State also contends that the trial court properly excluded the evidence to
protect the witnesses from harassment and undue embarrassment. See Tex. R. Evid.
611(a). This rule is certainly not applicable as to the testimony of the appellant,
whose defense rested upon the excluded evidence, and the complainant’s mother. In
regard to the testimony of the complainant, we note:
[W]hen the judge’s ruling has the effect of preventing one of the parties
from adequately presenting its case, the judge’s discretion may be
deemed “unreasonable” and reversible.

Texas Rules of Evidence Handbook 597 (4th ed. 2001) (citations omitted). Here, 
appellant was not allowed to adequately present his defensive theory—that he met
with the complainant because “he reasonably believed she was in danger of being
molested by her cousin.” Although the trial court allowed appellant to present
testimony that he met with the complainant to discuss “family problems,” we cannot
conclude the true import of the excluded evidence, that the complainant was in
danger, was conveyed to the jury.
          We conclude that the trial court’s evidentiary ruling was not within the zone
of reasonable disagreement. We hold that the trial court erred in excluding evidence
that appellant met with the complainant because he believed she was in danger of
being molested by her cousin. Thus, we sustain appellant’s first point of error.
Confrontation
          Having found that the trial court committed error, we must now determine if
the error requires reversal. See Tex. R. App. P. 44.2. When conducting a Rule 44.2
harm analysis, our first task is to determine whether the error is of constitutional
magnitude or an error that affects a substantial right. See id.
          In his third point of error, appellant contends the trial court violated his right
to be “confronted with the witnesses against him”


 when it prevented him from cross-examining the complainant and her mother about previous statements that the
complainant was in danger of being molested by her cousin. Apparently relying on
its previous arguments, the State failed to address appellant’s constitutional claims.
          As noted by the Supreme Court of the United States, “[t]he main and essential
purpose of confrontation is to secure for the opponent the opportunity of cross-examination.” Delaware v. Van Arsdall, 475 U.S. 673, 680, 106 S. Ct. 1431, 1435
(1986); see also Lopez v. State, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000) (citing
Davis v. Alaska, 415 U.S. 308, 315, 94 S. Ct. 1105, 1110 (1974)); Shelby v. State, 819
S.W.2d 544, 546 (Tex. Crim. App. 1991) (citing Douglas v. Alabama, 380 U.S. 415,
418 85 S. Ct. 1074, 1076 (1965)). The Confrontation Clause has been made
applicable to the States through the Fourteenth Amendment.


 Shelby, 819 S.W.2d at
546 (citing Pointer v. Texas, 380 U.S. 400, 403, 85 S. Ct. 1065, 1068 ( 1965)).
          Cross-examination is the cornerstone of the criminal trial process and, as such,
a defendant must be given wide latitude to explore a witness’s story, to test the
witness’s perceptions and memory, and to impeach his or her credibility. Guitierrez
v. State, 764 S.W.2d 796, 799 (Tex. Crim. App. 1989). However, the trial court
retains wide latitude to impose reasonable limits on cross-examination based on,
among other things, concerns about harassment, prejudice, confusion of the issues,
the witness’s safety, or interrogation that is repetitive or only marginally relevant. 
Van Arsdall, 475 U.S. at 679, 106 S. Ct. at 1435; see Lopez, 18 S.W.3d at 222.           Nevertheless, it is well-settled that the Constitutional right of confrontation
may be violated when a trial court improperly limits cross-examination. Van Arsdall,
475 U.S. at 679, 106 S. Ct. at 1435; Hurd v. State, 725 S.W.2d 249, 252 (Tex. Crim.
App. 1987). Moreover, the Supreme Court unequivocally held in Davis that the
denial of the right to “effective cross-examination” is a “constitutional error of the
first magnitude and no amount of showing want of prejudice would cure it.” 415 U.S.
at 318, 94 S. Ct. at 1111 (emphasis added).
          The focus of the Confrontation Clause is on individual witnesses, and so we
do not focus on the outcome of the entire trial when making the initial determination
of whether constitutional error was committed. Van Arsdall, 475 U.S. at 680, 106 S.
Ct. at 1435. Here, the “accuracy and truthfulness” of the complainant and her mother
were key elements in the State’s case. See Davis, 415 U.S. at 318, 94 S. Ct. at 1111. 
Appellant’s version of events was in direct conflict with the testimony of the
complainant and her mother. Thus, appellant was not only deprived of conveying the
import of his proffered evidence to the jury, he was effectively precluded from testing
the accuracy and truthfulness of the main witnesses against him. As noted by the
Supreme Court:
Cross-examination is the principal means by which the believability of
a witness and the truth of his testimony are tested. . . . A more particular
attack on the witness’ credibility is effected by means of cross-examination directed toward revealing possible biases, prejudice, or
ulterior motives of the witnesses as they relate directly to issues or
personalities in the case at hand. The partiality of a witness is subject
to exploration at trial, and is “always relevant as discrediting the witness
and affecting the weight of his testimony.” . . . We have recognized that
the exposure of a witness’ motivation in testifying is a proper and
important function of the constitutionally protected right of cross-examination.

Id., 415 U.S. at 316-17, 94 S. Ct. at 1110 (emphasis added) (citations omitted).

          We may not “speculate as to whether the jury, as sole judge of the credibility
of a witness, would have accepted” appellant’s “line of reasoning had counsel been
permitted to fully present it.” Davis, 415 U.S. at 318, 94 S. Ct. at 1111. Rather, we
must conclude that “the jurors were entitled to have the benefit of the defense theory
before them so that they could make an informed judgment as to the weight to place
on [the witnesses’] testimony.” Id. Here, to make his inquiry effective, appellant
should have been permitted to expose to the jury his version of the facts “from which 
jurors, as the sole triers of fact and credibility, could appropriately draw inferences
relating to the reliability of the witness[es].” Davis, 415 U.S. at 318, 94 S. Ct. at
1111. Thus, the trial court’s improper limitation of appellant’s cross-examination of
the complainant and her mother was error of constitutional magnitude. Id.
          Having found constitutional error, we must conduct an analysis to determine
whether appellant was harmed. Love v. State, 861 S.W.2d 899, 904 (Tex. Crim. App.
1993). First, we must assume that the damaging potential of the cross-examination
was fully realized. See Van Arsdall, 475 U.S. at 684, 106 S. Ct. at 1438; Love, 997
S.W.2d at 904. Then, with that assumption in mind, we determine whether the error
was harmless beyond a reasonable doubt, taking into account: (1) the importance of
the witness’s testimony; (2) whether the testimony was cumulative; (3) other
corroborating or contradicting evidence; (4) the extent of the cross-examination; and
(5) the overall strength of the prosecution’s case. Van Ansdall, 475 U.S. at 684, 106
S. Ct. at 1438.
          First, we must assume, under our analysis, that the precluded cross-examination
would have shown that appellant spoke with the complainant and her mother about
the cousin’s attempted molestation of the complainant. From this, the jury could have
inferred that appellant met with the complainant not to engage in sexual relations, but
because he was concerned that she was in danger of being molested by her cousin and
that, subsequently, appellant sought to intervene with her mother.
          Next, analyzing the pertinent five factors, we find that (1) establishing that the
complainant had talked to appellant about the danger of being molested by her cousin
was important to appellant in order to establish an innocent motive for taking her to
his apartment; (2) cross-examination about the alleged molestation would not have
been cumulative because appellant was precluded from testifying about it; (3) the
only evidence that contradicted the complainant and her mother was appellant’s
testimony; (4) appellant was otherwise permitted to fully cross-examine both the
complainant and her mother; and (5) the extent of the State’s evidence consisted of
the testimony of the complainant and her mother, while the extent of appellant’s
evidence was his testimony contradicting the complainant and her mother. The State
highlighted the importance of the precluded cross-examination when it argued that
men of appellant’s age “don’t take thirteen year old girls out in the middle of the
night.” Thus, the trial hinged on the issue of credibility.
          Based on these factors, we cannot conclude beyond a reasonable doubt that the
trial court’s denial of appellant’s cross-examination in this case was harmless. Thus, 
we sustain appellant’s third point of error. Because we have sustained appellant’s
first and third points of error, which dispose of the appeal, we need not address
appellant’s second point of error.
 
 
 
 
Conclusion
          The trial court erred in excluding evidence that appellant met with the
complainant because he believed she was in danger of being molested by her cousin. 
Furthermore, the error in regard to the limitation of cross-examination was of
constitutional magnitude and harmful. Thus, we are compelled to reverse the
judgment of the trial court and remand the case for a new trial.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Hedges,


 Jennings, and Wilson.



Publish. Tex. R. App. P. 47.