NO. 12-02-00200-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


COREY RODEE WHITTING,
§
 APPEAL FROM THE 349TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOUSTON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Corey Rodee Whitting ("Appellant") pleaded guilty to injury to a child. After revoking his
community supervision, the court assessed punishment at ten years of imprisonment. In his sole
issue, Appellant argues that the trial court erred by reviewing information from the presentence
investigation prior to revoking his community supervision. We affirm.


Background

 Appellant was charged by indictment with two counts of intentionally and knowingly causing
bodily injury to a child younger than fifteen years of age on June 7, 1997. These offenses were third
degree felonies. (1) On July 16, 1998, Appellant pleaded guilty to two counts of injury to a child as
charged in the indictment, signed a judicial confession, waived a presentence report, and stipulated
to evidence of guilt. Appellant was placed on deferred adjudication community supervision for ten
years. On May 1, 2000, Appellant judicially confessed and stipulated to evidence that he violated
community supervision. Accordingly, the judge revoked Appellant's community supervision,
adjudicated Appellant guilty as charged in the indictment, and assessed punishment at ten years of
imprisonment. Further, the court ordered Appellant to serve the first one hundred twenty days of his
sentence in the State's boot camp. On October 30, 2000, the court ordered "shock probation,"
suspended further execution of the sentence, and placed Appellant on community supervision for
ten years. However, on June 14, 2001, the State filed a motion to revoke Appellant's community
supervision. On the same date, the court ordered preparation of a presentence investigation to "aid
the Court in determining the appropriate punishment, if any, to assess in this case."

 On June 14, 2002, the court held a hearing on the State's motion to revoke probation. 
Appellant pleaded "not true" to allegations in the motion to revoke. The court took judicial notice
of the entire file in the cause. During the hearing, the district attorney referred to the presentence
investigation in response to Appellant's request for new counsel, in eliciting testimony from a
witness, and in closing arguments. Further, Appellant objected to testimony from a witness and, as
grounds, stated that the information requested was included in the presentence investigation
previously read by the judge. The court overruled Appellant's objection. After hearing the evidence
and arguments of counsel, the court revoked Appellant's community supervision and assessed
punishment at ten years of imprisonment. This appeal followed.


Presentence Investigation

 Appellant contends that the trial court erred by reviewing information from the presentence
investigation before revoking his community supervision and without his written authorization. The
State argues that the trial court did not err because the presentence investigation was ordered after
the adjudication of guilt and was only used to determine Appellant's punishment.

Applicable Law

 Before imposition of a sentence by a judge in a felony case, the judge is required to order
preparation of a written presentence investigation by the supervision officer. Tex. Code Crim.
Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2003). This report must include the "circumstances of
the offense with which the defendant is charged, the amount of restitution necessary to adequately
compensate a victim of the offense, the criminal and social history of the defendant, and any other
information relating to the defendant or the offense requested by the judge." Id. Further, the
presentence investigation must contain a proposed client supervision plan. Id. However, the judge
is not allowed to review the presentence investigation unless the defendant pleads guilty or nolo
contendere or is convicted of the offense or authorizes, in writing, the judge to inspect the report. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 9(c) (Vernon Supp. 2003).

 If a trial court reviews a presentence investigation report before a determination of guilt, it
is a violation of the defendant's federal and state constitutional rights. Baldridge v. State, 77 S.W.3d
890, 892 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd) (citing State ex rel. Bryan v. McDonald,
662 S.W.2d 5, 7 (Tex. Crim. App. 1983)). However, if there is no evidence a trial court analyzed
the presentence investigation report until the defendant pleaded guilty or nolo contendere, signed a
judicial confession, and stipulated to evidence of guilt, then a defendant's constitutional rights are
not violated. Baldridge, 77 S.W.3d at 892; Blalock v. State, 728 S.W.2d 135, 138-39 (Tex.
App.-Houston [14th Dist.] 1987, pet. ref'd); Wissinger v. State, 702 S.W.2d 261, 263 (Tex.
App.-Houston [1st Dist.] 1985, pet. ref'd). Thus, in this instance, the report influences a trial court
solely in its determination of a suitable punishment. Blalock, 728 S.W.2d at 138 (citing Wissinger,
702 S.W.2d at 263).

Analysis

 Appellant pleaded guilty, signed a judicial confession, and stipulated to evidence of guilt. 
After an earlier violation of community supervision, Appellant was adjudicated guilty as charged in
the indictment, punishment was assessed by the court, and sentence was imposed. Before the court
granted "shock probation," Appellant had served part of his sentence The court ordered the
presentence investigation eight months after "shock probation" was granted and more than a year
after Appellant was adjudicated guilty. Thus, contrary to Appellant's argument, the presentence
investigation was not examined by the court before a finding of guilt. Further, a revocation hearing
on "shock probation" is not similar to an adjudication of guilt. Revocation of "shock probation"
merely reinstates the execution of an imposed sentence. Armado v. State, 983 S.W.2d 330, 332
(Tex. App.-Houston [1st Dist.] 1998, pet. ref'd). Because the presentence report was not examined
by the court prior to Appellant's adjudication of guilt or plea, the report could not have influenced
the court except in determining punishment. Blalock, 728 S.W.2d at 138 (citing Wissinger, 702
S.W.2d at 263). Consequently, the trial court did not err by considering the presentence investigation
before revoking community supervision. Accordingly, Appellant's sole issue is overruled.


Conclusion

 Based upon our review of the record, we conclude that Appellant failed to show the trial
court erred by reviewing information from the presentence investigation prior to revoking
community supervision. Therefore, the judgment of the trial court is affirmed.



 SAM GRIFFITH 

 Justice



Opinion delivered April 9, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.






















(DO NOT PUBLISH)
1. A person commits a third degree felony if he intentionally or knowingly causes bodily injury to a child.
Tex. Pen. Code Ann. § 22.04 (a), (f) (Vernon Supp. 2003). A "child" is defined as a person fourteen years of age
or younger. Tex. Pen. Code Ann. § 22.04 (c). The punishment range for a third degree felony is a term of not more
than ten years or less than two years of imprisonment and, in addition, a fine not exceeding $10,000. Tex. Pen.
Code Ann. § 12.34 (Vernon 1994).