Affirmed and Opinion filed October 16, 2003













Affirmed and Opinion filed October 16,
 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00896-CR

NO. 14-02-00897-CR

____________

 

PATRICK MITCHELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
Judicial District Court

Harris County, Texas

Trial Court Cause Nos. 903,103
& 903,104

 



 

M E M O R A N D U M  
O P I N I O N

Appellant pleaded guilty to two indictments for aggravated
robbery and the judge assessed punishment at 35 years= confinement in the Texas
Department of Criminal Justice, Institutional Division.  On appeal, he contends that (1) the trial
judge=s review of a presentence report prior to a formal finding of guilt
violated his state and federal rights to due process, and (2) the sentence
violated his state and federal rights against cruel and unusual
punishment.  We affirm.

 








FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2002, appellant pleaded guilty to
two indictments for armed robbery.  The trial
court made no finding of guilt at the time and deferred sentencing pending a presentence investigation.

A presentence report was prepared
and presented to the trial court on August
 19, 2002.  At the sentencing hearing on February
 19, 2002,
the trial court made a formal finding of guilt and assessed punishment at
confinement for thirty-five years.

DISCUSSION

In four points of error, appellant contends that (1) the
trial judge=s review of a presentence report prior to a formal finding of guilt
violated his state and federal rights to due process, and (2) the sentence
violated his state and federal rights against cruel and unusual punishment.

In his first and second points of error, appellant contends
that the trial court erred in reviewing his presentence
report prior to a formal finding of guilt. 
Appellant cites  State ex rel. Turner v. McDonald, 676 S.W.2d 375, 379 (Tex. Crim. App. 1984), and State ex rel.
Bryan v. McDonald, 662 S.W.2d 5, 7B8 (Tex. Crim.
App. 1983), for the proposition that a conviction is void when the trial judge
reviews a defendant=s presentence
report prior to a finding of guilt. 
However, the facts of this case are more analogous to those in Wissinger v. State, in which the court
stated:

The facts in the present case differ
from the McDonald cases.  In the
instant case, there is no evidence that the judge considered the pre‑sentence
investigation report or ordered it until the defendant had pleaded no contest,
signed a judicial confession, and stipulated to the evidence of her guilt.  Therefore, the report could not have
influenced the judge except in deciding the appropriate punishment.

 

Wissinger v. State, 702 S.W.2d 261, 263 (Tex. App.CHouston [1st Dist.] 1985, pet.
ref=d); see also Blalock
v. State, 728 S.W.2d 135, 138 (Tex. App.CHouston [14th Dist.] 1987, pet.









ref=d).  Because appellant had already pleaded guilty
to the offenses, the presentence report could not
have influenced the judge in determining guilt. 
See Wissinger, 702
S.W.2d at 263; Blalock, 728 S.W.2d at 138.  Further, as appellant acknowledges, the
procedure the trial court followed was potentially beneficial to him.  By waiting until the presentence
report was prepared instead of finding appellant guilty at the time of his
plea, the trial court did not foreclose the possibility of deferred
adjudication.  The procedure thus did not
violate appellant=s constitutional rights to due
process.  See Wissinger,
702 S.W.2d at 263; Blalock, 728 S.W.2d at 138B39.  We overrule appellant=s first and second points of
error. 

In his third and fourth points of error, appellant contends
that his sentence was not proportional to the offense committed and violates
his state and federal rights against cruel and unusual punishment.  Appellant did not raise these complaints in
the trial court and has thus failed to preserve them for review.  See Tex.
R. App. P. 33.1(a); Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.CHouston [14th Dist.] 2001, pet.
ref=d) (AThe constitutional right to be
free from cruel and unusual punishment may be waived.@).

We also note that the sentence was within the statutory
guidelines.  AWhen punishment assessed by a
judge or jury is within the statutory limits, it is not cruel and unusual
within the constitutional prohibitions.@  Benjamin v. State, 874 S.W.2d 132, 135
(Tex. App.CHouston [14th Dist.] 1994, no
pet.).  The penalty prescribed for
aggravated robbery is confinement for five to ninety-nine years or life, and a
possible fine not to exceed $10,000.  Tex. Penal Code Ann. ' 12.32.  Appellant=s sentence of thirty-five years= confinement was within those
limits.  We overrule appellant=s third and fourth points of
error.  The judgment of the trial court
is affirmed.

 

/s/      Wanda McKee Fowler

Justice

 

Judgment rendered
and Memorandum Opinion filed October 16, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P.
47.2(b).