11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Corey
Odell Pearson

Appellant

Vs.                   No. 
11-03-00108-CR B
Appeal from Dallas County

State
of Texas

Appellee

 

Corey Odell Pearson pleaded no contest to the
offense of aggravated sexual assault. 
The trial court convicted appellant and assessed his punishment at five
years confinement.  We affirm.

 On December
20, 2002, appellant entered his plea of no contest.  Appellant indicated that he understood the
charge against him and that he understood the punishment range for the charge.
The State then presented its evidence.

The victim, who was twelve years old at the time
of the offense, testified that she and appellant=s
stepdaughter, Ashlie, were friends.  The victim said that one weekend she spent
the night with Ashlie.  The following day, appellant took them to go
swimming.  The victim testified that,
while in the car, appellant Arubbed
[her] leg and stuff.”  The victim stated
that, later that day, she was preparing to take a shower when appellant came
into the bathroom.  The victim said that
appellant started Arubbing”
her Achest and
stuff.”  The victim took off her pants,
and appellant started Alicking
[her] vagina.”  Appellant then left the
bathroom. 

The victim testified that she agreed to spend
another night with Ashlie because appellant promised
to buy her a ACD.”  That night, the victim could not sleep so she
got up to get a drink. When she returned to Ashlie=s room, appellant came to the room and
told the victim to come with him.  The
victim went with appellant to an unoccupied bedroom across the hall.  The victim said that appellant was Arubbing” on her chest.  The victim testified that she took off her
shorts and panties and that appellant Arubbed”
his penis on her vagina.  








Andrea Michelle Taylor, appellant=s wife, testified at trial that the
victim never seemed uncomfortable while staying at their house.  Taylor said that the victim asked to stay
another night at their house.  Taylor
testified that appellant did not get out of bed during the night that the
victim stayed with them.  Taylor stated
that she would have woken up if appellant had gotten out of bed.  Ashlie testified at
trial that she was a Alight
sleeper” and that she did not hear the victim get up when she spent the night. 

After hearing the evidence, the trial court
stated:

So I do find that the evidence proves your
guilt.  I=m
not finding you guilty at this time.  I=m not sure what I=m going to do.  I want to have a pre-sentence report prepared
to learn more about you.

 

So I=m
going to release you today and continue you on bond.  I want you to report to the Probation
Department where you will be interviewed. 
I will review that interview, together with any punishment witnesses you
have, any punishment witnesses the State has.  Then I=ll make a decision.  

 

On January 17, 2003, the trial court held a hearing on
punishment.  The trial court indicated
that it had read the presentence investigation report
and found that the evidence established appellant=s
guilt.  The trial court then cautioned
appellant about continuing to deny committing the offense.  The trial court stated that:

If you=re
not guilty, I want you to maintain your innocence.  But if you have done this, I want you to
think about it seriously, because your lawyer is going to be asking me for
probation, and I don=t
see that you=re a very
good candidate for probation if you=re
going to deny your offense because you=ll be sent to counseling. 
You=ll say you didn=t do it.

 

You=ll get kicked out of counseling.  You=ll be right back here before me and I=ll have no
choice but to sentence you to prison if you=re
not undergoing counseling.

  

So I want you to talk to your lawyer for just a
couple of moments before we begin this hearing. 
So we=ll take a short recess. 
You talk with your lawyer.  Then
we=ll proceed. 

 

The State and appellant then presented evidence on
punishment.  At the close of evidence,
the trial court stated:  AI have not changed my mind....I still
believe the evidence proves your guilt, so I do find you guilty as charged.”








In his first issue on appeal, appellant argues
that the trial court erred in inspecting the presentence
investigation report prior to a determination of guilt.  TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 9(c)(1) (Vernon Supp. 2004) provides:

The judge may not inspect a report and the
contents of the report may not be disclosed to any person unless:

 

(1) the defendant pleads guilty or nolo contendere or is convicted
of the offense.

 

The record shows that, after being admonished, appellant entered
a plea of no contest.  The trial court
heard evidence and then found that the evidence proved that appellant committed
the offense.  See Baldridge v. State, 77 S.W.3d 890 (Tex.App. - Houston [14th Dist.] 2002, pet=n ref=d);
Blalock v. State, 728 S.W.2d 135 (Tex.App. -
Houston [14th Dist.] 1987, pet=n
ref=d). 
The record does not indicate that appellant withdrew his plea of no
contest.  Appellant has not shown that
the trial court erred in reviewing the presentence
investigation report before formally pronouncing his guilt. Appellant=s first issue on appeal is overruled.

In his second issue on appeal, appellant complains
that the trial court did not consider the entire range of punishment and
imposed a predetermined punishment. 
Appellant contends that the trial court=s
comments at the beginning of the punishment hearing concerning whether
appellant would admit his guilt and be successful in counseling show that the
trial court did not consider community supervision as punishment.

A court denies due process and due course of law
if it arbitrarily refuses to consider the entire range of punishment for an
offense or refuses to consider the evidence and imposes a predetermined
punishment.  Jaenicke
v. State, 109 S.W.3d 793, 796 (Tex.App. - Houston
[1st Dist.] 2003, pet=n
ref=d).  In the absence of a clear showing to the
contrary, a reviewing court will presume that the trial court was neutral and
detached.  Jaenicke
v. State, supra at 796; Steadman v. State, 31 S.W.3d 738, 741‑42
(Tex.App. ‑ Houston [1st Dist.] 2000, pet=n ref'd).  








The trial court cautioned appellant that he would
not be a good candidate for community supervision if he continued to deny
committing the offense.  The trial court
explained that, while on community supervision, appellant would be sent to
counseling and that, if he denied committing the offense in counseling, he
would be removed from counseling.  The
trial court further explained that, if appellant was not receiving counseling,
he could have his community supervision revoked.  The record shows that, after making these
comments, the trial court heard evidence on punishment.  The trial court then assessed the minimum
prison term for the offense.[1]  The trial court cautioned appellant on the
requirements of community supervision. 
Appellant has not shown that the trial court refused to consider the
entire range of punishment or that it imposed a predetermined punishment.   Moreover, appellant did not object to the
trial court=s
comments or to the trial court=s
pronouncement of the sentence. 
Therefore, appellant has waived his complaint for appellate review.  See Hull v. State, 67 S.W.3d
215, 217‑18 (Tex.Cr.App.2002); Teixeira
v. State, 89 S.W.3d 190 (Tex.App. ‑
Texarkana 2002, pet=n ref=d). 
Appellant=s second
issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

February 19, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











[1]TEX. PENAL CODE ANN. '
22.021(d) (Vernon Supp. 2004); TEX. PENAL CODE ANN. ' 12.32(a) (Vernon 2003).