Opinion issued May 19, 2005



     












In The
Court of Appeals
For The
First District of Texas




NOS. 01-04-00164-CR
          01-04-00165-CR




GERARDO GERRY RUIZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 947624 & 947851




MEMORANDUM OPINION
          In two cases, appellant, Gerardo Gerry Ruiz, pleaded guilty, without an agreed
punishment recommendation, to two separate offenses of aggravated robbery. The
trial court accepted the pleas, found the evidence substantiated appellant’s guilt in
each case, and reset the cases for sentencing after the return of a presentence
investigation report. After the presentence investigation reports were prepared, the
trial court conducted a hearing, found appellant guilty of both charges, and assessed
punishment at 25 years’ confinement and a $10,000 fine in each case. In four points
of error, appellant contends that (1) the trial judge’s review of the presentence
investigation report before making a formal finding of guilt violated his state and
federal rights to due process, and (2) the 25-year sentences violated his state and
federal rights against cruel and unusual punishment.
Review of Presentence Investigation Report
          In his first and second points of error, appellant contends that the trial court
erred by reviewing the presentence investigation reports before making a formal
finding of guilt. Appellant cites State ex rel. Turner v. McDonald, 676 S.W.2d 375,
379 (Tex. Crim. App. 1984), and State ex rel. Bryan v. McDonald, 662 S.W.2d 5, 7-8
(Tex. Crim. App. 1983), for the proposition that a conviction is void when the trial
judge reviews a defendant’s presentence investigation report before making a finding
of guilt. However, in Wissinger v. State, this Court distinguished Turner and Bryan
by stating as follows:
The facts in the present case differ from the McDonald cases. In the
instant case, there is no evidence that the judge considered the
pre-sentence investigation report or ordered it until the defendant had
pleaded no contest, signed a judicial confession, and stipulated to the
evidence of her guilt. Therefore, the report could not have influenced the
judge except in deciding the appropriate punishment. 

702 S.W.2d 261, 263 (Tex. App.—Houston [1st Dist.] 1985, pet. ref’d); see also
Blalock v. State, 728 S.W.2d 135, 138 (Tex. App.— Houston [14th Dist.] 1987, pet.
ref’d). Because appellant had already pleaded guilty to the offenses, signed a judicial
confession, and stipulated to the evidence of his guilt, the presentence investigation
report could not have influenced the judge in determining guilt. See Wissinger, 702
S.W.2d at 263; Blalock, 728 S.W.2d at 138.
          Accordingly, we overrule appellant’s first and second points of error.
Cruel and Unusual PunishmentIn his third and fourth points of error, appellant contends that his sentences
were not proportional to the offenses committed and violate his state and federal
rights against cruel and unusual punishment. Appellant did not raise these complaints
in the trial court and, thus, has failed to preserve them for appellate review. See
Tex.R.App. P. 33.1(a); Curry v. State, 910 S.W .2d 490, 497 (Tex. Crim. App. 1995)
(cruel and unusual punishment complaint not preserved); Nicholas v. State, 56
S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d) (“The
constitutional right to be free from cruel and unusual punishment may be waived.”).
 
 
          We overrule appellant’s third and fourth points of error. 
          We affirm the judgments of the trial court.
          

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).